The State ex rel. Denison v. The City of St. Louis.

THE STATE *ex rel.* DENISON V. THE CITY OF ST. LOUIS
et al., *Appellants.*

| | |
|---|---|
| 90 | 19 |
| 99 | 377 |
| 90 | 19 |
| 119 | 395 |
| 90 | 19 |
| 123 | 56 |
| 57a | 204 |
| 90 | 19 |
| 62a | 164 |
| 90 | 19 |
| 153 | 200 |

1. **Offices and Officers**: REMOVAL OF OFFICER. Where an officer is appointed during pleasure, or where the power of removal is discretionary, the power to remove may be exercised without notice or hearing. But where the appointment is during good behavior, or where the removal must be for cause, the power of removal can only be exercised when charges are made against the accused, and after notice, with a reasonable opportunity to be heard before the officer or body having the power to remove.

2. ———: ———: POLICE JUSTICES OF ST. LOUIS. Police justices of the city of St. Louis are appointed for a specified term and are removable only for cause, and not at the discretion of the mayor or council, and a specification of the charges, with notice to the accused and an opportunity to be heard, are essential to the validity of a proceeding to remove them from office.

*Appeal from St. Louis City Circuit Court.*—HON. AMOS
M. THAYER, Judge.

AFFIRMED.

*Leverett Bell* for appellants.

By section five of the charter (2 R. S., p. 1590), an appointed officer may be removed by the mayor or council for cause. By section eight (2 R. S., p. 1591), an appointed officer is subject to removal by a majority of the elected members of the council. Nothing in this section limits the right of removal to a case where cause shall exist for the same. The right to remove is absolute. By section eleven (2 R. S., p. 1591), it is made the duty of the mayor or council to remove an officer, whether elected or appointed, who fails to devote his entire time, during business hours, to the duties of his office. The

power of removal exercised by the council in the present case may be supported under section five, or section eight, or section eleven. The record discloses that the council, on consideration of the evidence before it, deemed that sufficient cause existed. The finding made by it of this fact, is not subject to review by the courts. *People v. Higgins*, 15 Ill. 110; *Keenan v. Perry*, 24 Texas, 259; *State v. Doherty*, 25 La. Ann. 119; *People v. Stout*, 19 How. Pr. 171; *People v. Board of Police*, 69 N. Y. 408; *People v. Campbell*, 82 N. Y. 247, 255.

*Dyer, Lee & Ellis* for respondent.

(1) Section five, article four, of the city charter (R. S., 1879, p. 1590), provides: "Any elected city officer may be suspended by the mayor and removed by the council for cause; and any appointed officer may be removed by the mayor or council for cause." And section eight, article four (R. S., p. 1591), prescribes the method of such removal and provides for filling vacancies. This section must be construed with section five, which clearly limits the power of removal of officers appointed under the charter, to removals for cause. The power to remove is not discretionary. (2) Where a statutory office is held for a fixed term, or the incumbent is subject to removal only for cause, he has a right to be notified of any charges made against him; to reasonable opportunity to defend against such charges, and to a full and fair hearing before the authority, or full body having power of removal; and there must be some testimony given at such hearing upon which to base a removal. *Bogg's case*, 11 Coke's Rep. 98; *Gaskin's case*, 8 Term Rep. 209; *Field v. Com.*, 32 Pa. St. 478; *In re Ramshay*, 18 Q. B. 173; *Page v. Hardin*, 8 B. Mon. 648; *State v. Bryce*, 7 Ohio (Part 2) 82; *People v. Campbell*, 82 N. Y. 247; *Green v. Saddlers' Co.*, 10 H. L. Cases, 423; *People v. St. Francis Society*, 24 How.

Pr. Rep. 217 ; *In re Nichols,* 57 How. Pr. Rep. 395 ; Dillon on Mun. Corp., secs. 251, 254 ; *State v. Police Com'rs,* 14 Mo. App. 297. (3) Respondent certainly had no notice from, or hearing by, the council before they passed the resolution of removal, and their proceedings were properly quashed on *certiorari. Com'rs v. Claw,* 15 Johns. 537 ; *Commonwealth v. Chase,* 2 Mass. 170 ; *Commonwealth v. Coombs,* 2 Mass. 489 ; *Commonwealth v. Peters,* 3 Mass. 229 ; *Commonwealth v. Sheldon,* 3 Mass. 188 ; *Commonwealth v. Cambridge,* 4 Mass. 627 ; *State v. Bearing,* 8 Me. 135, 137 ; *Ottawa v. Railroad,* 25 Ill. 43 ; *State v. Cohen,* 13 S. C. 138. (4) None of the cases cited by appellants' counsel will justify a reversal of the judgment of the circuit court.

BLACK, J.—A writ of *certiorari* was sued out of the circuit court in this case to test the validity of a resolution of the council of the municipal assembly of St. Louis, removing the relator from the office of police justice. The return to the writ, upon which judgment was given for relator, shows that the council, on the nineteenth of May, 1885, adopted a resolution which recites, in general terms, a current report of political abuses in various city institutions, and then a committee of three is raised "to inquire into the management of the affairs of the several departments," with power to summon witnesses and to report to the council "such facts as may come within their knowledge, with such recommendation as in their judgment may be just and proper." On July 24, 1885, the committee reported that they had "considered the charges" against the relator, and from the evidence were satisfied that he had neglected his duties in absenting himself from court the greater part of the day, and that he had violated the charter in engaging in the practice of law, and recommended that he be removed from office. The report was considered by the council, on July 31, and the resolu-

tion, removing the relator, was then adopted. The return also shows that the relator was summoned as a witness before the committee and gave evidence of his official conduct; that, after the report had been filed, he addressed a communication to the council, in which he says he had had no notice of any charges against him, and he asked to be informed as to what they were, and that he might be heard before a session of the council. Beyond its reading, no notice was taken of this communication.

Where an officer is appointed during pleasure, or where the power of removal is discretionary, the power to remove may be exercised without notice or hearing. *Field v. Commonwealth*, 32 Pa. St. 478; *Ex parte Hennen*, 13 Peters, 230. But where the appointment is during good behavior, or where the removal must be for cause, the power of removal can only be exercised when charges are made against the accused, and after notice, with a reasonable opportunity to be heard before the officer or body having the power to remove. *Gaskin's case*, 8 Term Rep. 209; *Field v. Commonwealth, supra; State v. Bryce*, 7 Ohio St. (part 2) 82; Dillon on Mun. Corp. (3 Ed.) secs. 250 to 254.

The police justices of the city of St. Louis are appointed by the mayor and confirmed by the council for the term of four years. Secs. 2 and 9, art. 4, of the charter; (2 R. S., pp. 1590–1). Section five *provides:* "Any elected city officer may be suspended by the mayor and removed by the council for cause; and any appointed officer may be removed by the mayor or council for cause." Section seven provides: "Whenever the mayor shall remove any appointed officer from office, he shall immediately notify the council of such removal and the causes therefor, and the council shall fill the vacancy." Section eight: "All officers appointed by the mayor shall be subject to removal by a majority of the elected mem-

bers of the council, but if so removed the mayor shall fill the vacancy, and no confirmation of the council shall be required."

From the fifth and seventh sections, it is perfectly clear that when the mayor removes an appointed officer he can do so only for cause. But the argument is made, that, as the council is composed of thirteen members and a majority, to-wit : seven, constitutes a quorum, and as a majority of that quorum may pass a measure, therefore, under section five, four votes may remove ; whereas, under section eight it requires a majority of the elected members, to-wit, seven. In short, that under section five and for cause four votes may remove, but under section eight and without assigning any cause for removal, seven votes at least are required, and hence the two sections are to be considered as independent, and under the latter the power to remove is discretionary in the council. This argument has for its support ingenuity, but it is unsound. The fifth section is but a general declaration of power to remove conferred upon the mayor or council for cause. The eighth is a further limitation upon the council, and requires a majority vote of the elected members. The council can in no case remove an appointed officer except for cause, for the two sections must be considered together.

Again, section six makes it the duty of the mayor, when he shall suspend an elected officer, to notify the council of the suspension and the causes therefor. He shall then present charges and furnish a copy of the same to the accused, who has a right to appear with a legal adviser and defend. If the suspension made by the mayor is sustained by a majority of all the elected members of the council, then the accused stands removed from office. Section twelve also provides that any elected officer may be removed by a two-thirds vote, notice thereof and an opportunity to be heard being given to the officer. Thus it will be seen that in case of

the suspension of an elected officer, and in case of the removal of an elected officer, the charter is specific in allowing him time and opportunity to be heard, and in case of suspension he must have a copy of the charges; but in case of the removal of an appointed officer no such specific provisions are made. It does not follow from all this, as is contended by the defendants, that the appointed officer is entitled to no notice. More prominence is given in these charter provisions to the removal of an elected officer than to the removal of an appointed one, and, as to the former, the charter goes more into the details of the proceedings; but the charter does not say, nor is it fairly deducible therefrom, that an appointed officer may be removed without notice. When the removal is not discretionary, but must be for a cause, as is the case here, and nothing is said as to the procedure, a specification of the charges, notice, and an opportunity to be heard, are essential. This, we think, is the result of the authorities before cited. The proceedings in this case are wanting in all these requisites; for if, indeed, any charges were ever made against the relator at all, they were the product of the minds of the members of this committee, and by them kept from the knowledge of the accused.

While the relator appeared before the committee as a witness, he did so in obedience to a subpoena issued on the very day the report was made. It gave him no notice of charges against him. Even if he had had notice of the entire contents of the resolution, and, as a consequence, of all the committee were authorized to do, that would be no notice of any charges against him, much less of any hearing or trial; for the resolution does not contemplate the trial of the relator or any other officer on charges then made or presented. It rather looks to a general inquiry, to the end that specific charges might be made before the council, the body authorized to hear

them, where the same should be advised in individual cases.

The judgment is, therefore, affirmed. Henry, C. J., absent. The other judges concur.