STATE *ex rel.* WILLIAM N. BRENNAN, Respondent, v.
CYRUS P. WALBRIDGE, Mayor of the City of
St. Louis, Appellant.

**St. Louis Court of Appeals, April 23, 1895.**

1. **Certiorari, Functions of Writ of.** A writ of *certiorari* brings
up for review only the record of an inferior tribunal and not the evi-
dence taken therein. Accordingly, such evidence will not be con-
sidered, though included in the return to the writ.

2. **City of St. Louis:** POWER OF MAYOR TO REMOVE OFFICERS: SUF-
FICIENCY OF RECORD. The charter of the city of St. Louis empowers
the mayor to remove an appointive officer, such as the health com-
missioner, for cause, that is, upon sufficient charges, notice and hear-
ing. And *held*, that these matters sufficiently appeared from the
record under review in this cause.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

REVERSED.

*W. C. Marshall* for appellant.

*M. McKeag* for respondent.

BOND, J.—The relator was appointed health com-
missioner of the city of St. Louis for a term ending in
April, 1895. On the fifth day of May, 1893, he was
cited for trial before the mayor of the city upon charges
of incompetency, neglect of duty, maladministration,
with specifications of each, of which due notice was
given to him. The trial began on the eighth day of
May, and ended on the nineteenth day of May in an
order of removal of relator from the office of health
commissioner, which was signed by the mayor and

expressed to be "for the causes specified in the charges and specifications served upon you, and on which you have had a hearing." On the fourteenth of July, 1893, the circuit court issued a writ of *certiorari*, directing defendant to certify all the proceedings and evidence had and taken on said trial to the October term of said court, which order was obeyed; and thereafter on the twelfth of June, 1894, said court quashed said order of removal, from which judgment defendant appealed to this court.

At common law the writ of *certiorari* brought up for review only the record, and not the evidence. *State v. Common Council*, 55 N. W. Rep. 118; *Washington Steamship Co. v. Haas*, 151 Pa. St. *loc. cit.* 116. The courts adhering to this view will not look into the evidence at all, but merely inspect the record to see whether the inferior tribunal had jurisdiction and proceeded according to law. "Other courts hold that the evidence may be brought up, not for the purpose of weighing it to ascertain the preponderance, but merely to ascertain whether there is any evidence at all to sustain the decision of the inferior tribunal." *State v. Common Council, supra.* This state has ranged itself with those which restrict the writ of *certiorari*, when employed to exert superintendence, to the functions accorded to it at common law. *State ex rel. v. Smith,* 101 Mo. 174; *Hannibal & St. Joseph Railroad Co. v. State Board of Equalization,* 64 Mo. 308. In the latter case it was said: "We have no statute in this state regulating the practice of proceedings by *certiorari,* and are to look to the common law for a guide in such cases. 'It is a writ in the nature of a writ of error addressed to an inferior court or tribunal whose procedure is not according to the course of the common law, 117 Mass. 564.' A common law writ of *certiorari* only brings up the record and can only reach defects

or errors in the proceedings of the tribunal to which it
is issued, which appear upon the face of the record,
and which go to the jurisdiction of that tribunal. The
evidence is no part of the record and it is not the office
of the writ to bring up the evidence for review. (28
Wis. 271.)"

In line with these authorities this court has held
that the writ only serves to bring up for review the
proceedings of record in the inferior tribunal. *State
ex rel. v. Mayor and Board of Aldermen of Neosho*, 57
Mo. App. 192. While the return of the defendant in
this case certified all the proceedings, including the
oral evidence taken on the trial, the latter was no part
of the record before him and could not be reached by a
writ of *certiorari*. The law does not require the preser-
vation of the evidence heard by the mayor in the exer-
cise of his power of removal for cause, nor prescribe
any method whereby such evidence can be made a part
of the record, as by bill of exceptions. The common
law use of the writ of *certiorari*, which is its limit in this
state, is directed at such proceedings as the inferior
judicatories are required to show as the grounds of
their jurisdiction—in other words, the writ as thus
used is aimed at a record which may be quashed. If
the inferior tribunals are not entitled to keep any
record, the writ of *certiorari* does not lie.

The city charter empowers the mayor to remove
an appointive officer, such as defendant, for cause,
which in legal intendment means upon sufficient
charges, notice thereof and a hearing. *State ex rel. v.
Brown*, 57 Mo. App. 199; *State ex rel. v. City of St.
Louis*, 90 Mo. 19; Charter of St. Louis, art. 4, sec. 5.
The record of the proceedings of the mayor in exercis-
ing the power of amotion vested in him by the charter
should show, in case of an appointive officer, that
charges sufficient in law were preferred against him;

that due notice was given, and a trial had whereat he was permitted to be heard, and a judgment or order of removal for cause rendered. The present record shows, among others, a charge of neglect of duty with a specification thereunder, to wit: "In this, that he, said William N. Brennan, M. D., health commissioner as aforesaid, failed to visit the eating room of the prisoners at the work house, during meal time at least once in every two weeks, and inspect the food of the prisoners as required of him by section 1777, chapter 42, Revised Ordinances, 1887."

The foregoing charge, as thus specified, embraced all the particularity required by law. Due notice thereof was given to relator, as appears from defendant's return and from the admissions in relator's petition for the writ of *certiorari*. That a trial was had, and much evidence taken upon the foregoing charge, is shown also by the return to the writ, as well as by the admissions in relator's petition, wherein the truth of this charge is substantially admitted and a plea of avoidance made that the requirements of the ordinance, whose breach was thus complained of, had been disregarded, for a number of years, by preceding health commissioners and mayors, and that the duties thus imposed by ordinance had been substantially performed by a physician employed to visit the sick at that place. The return in this case also shows the following judgment or order of removal:

"OFFICE OF MAYOR.

"ST. LOUIS, May 19, 1893.
"*Wm. N. Brennan, M. D., Health Commissioner, City.*

"SIR:—Pursuant to the power vested in me as mayor of the city of St. Louis, under charter and ordinances thereof, I do hereby remove you from the office of health commissioner of said city for the causes

specified in the charges and specifications heretofore served upon you, and on which you have had a hearing.                    C. P. WALBRIDGE,

"Mayor of the City of St. Louis."

The affirmative showing of the foregoing facts in the return of defendant disclosed a valid exercise of jurisdiction on his part under the provisions of the charter, *supra*, governing his right to remove appointive officers, and constituted all of the record of his proceedings which the law contemplated should be kept, and was all which he could have been compelled to certify under the writ in this case. The fact that he also included in his certification a mass of testimony taken on the trial, did not make the latter any part of the record before him. Its inclusion in his certificate was, therefore, *ex gratia*.

As our supervision of the proceedings in this case under the authorities, *supra*, can not extend beyond the legal record brought up by the return, and as that shows that the judgment of removal of relator was made, after notice, upon charges legally sufficient, and upon a hearing of the evidence, we have no power to set aside the same in this proceeding, and the judgment of the circuit court in so doing was error, for which it will be reversed. All concur.