### [No. 1726.]
### THE CITY OF LEADVILLE v. BISHOP.

1. PRACTICE—ACTION FOR SALARY—SETOFF.

In an action against a city by a policeman for his salary during the balance of his term for which he was appointed, and of which he was deprived by an alleged wrongful removal, what plaintiff earned, or might by reasonable diligence have earned, in other employment during the time, is a proper offset against any sum the plaintiff might recover, and the refusal of the court to receive evidence of such offset is reversible error.

2. CITIES AND TOWNS—FIXING TERMS OF OFFICE—POWER OF MAYOR.

In the absence of a statute or valid ordinance fixing the term of office to which a policeman of a city was appointed, the mayor has no authority to declare or fix such term.

3. OFFICES AND OFFICERS—INDEFINITE TERM—REMOVAL.

Where a person is appointed to an office without a fixed or specified term, he holds only during the pleasure of the appointing power, and may be removed by that power without the assignment of any cause, without notice and without a hearing being accorded the officer.

4. CITIES AND TOWNS—REMOVAL OF OFFICERS—STATUTORY CONSTRUCTION.

Section 3383, General Statutes, expressly confers upon city councils of cities of the second class the power to remove at its pleasure a policeman of the city from office.

5. CITIES AND TOWNS—REMOVAL OF OFFICERS—ORDINANCES.

An ordinance of a city of the second class providing for the removal of

officers by the city council and providing that no officer shall be removed until he shall have notice of such intended removal and of the charges preferred against him and a hearing and opportunity to exculpate himself before the council, does not abridge the arbitrary power of the city council to remove at its pleasure a policeman appointed by such council without any specified or fixed term of office.

*Appeal from the District Court of Lake County.*

Mr. R. D. McLEOD and Mr. L. FRANK BROWN, for appellant.

Mr. JOS. W. TAYLOR and Mr. CLINTON REED, for appellee.

WILSON, J.

Plaintiff Bishop claims to have been regularly appointed a policeman of the defendant city for the fiscal year commencing April, 1896, and that he was unlawfully removed from such position, without cause and without hearing, in October of that year. He sues to recover the salary which he would have received if he had served during the remainder of the year. The cause was submitted and tried upon an agreed statement of facts printed in the record, in full, but from which we shall make, during the course of this opinion, only such quotations as may be necessary to a proper understanding of the questions raised and determined. It is admitted that plaintiff's right to the position during the term claimed is based solely and only upon the action of the city council, of which the following is a record:

" May 6th, A. D. 1896.

" Patrick Bishop was nominated a special policeman, to serve at the pleasure of the council. On motion Ald. Donnen, the clerk cast the unanimous vote of the council. Seven votes cast. The mayor declared Patrick Bishop duly elected special policeman for the ensuing fiscal year."

"May 7th, A. D. 1896.

" Ald. Donnen stated a mistake was made in regard to appointing Jerry Driscoll as special policeman. The mayor also stated the same in regard to Patrick Bishop. On motion, Ald. Counbs, the former action of the council was reconsidered in appointing Jerry Driscoll and Patrick Bishop as special policeman, ayes : Counbs, Joy, Donnen, Mitchell, Page, Nicolai—6.

" On motion Ald. Joy, the clerk cast the unanimous vote of the council for Patrick Bishop as regular policeman. Seven votes cast. The mayor declared Patrick Bishop duly elected as policeman for the ensuing fiscal year."

The first contention of the defendant is, that there was no legal or valid appointment, because of noncompliance with the provisions of General Statutes, section 3324, which required that all appointments of officers by a city council "shall be by ballot, and the concurrence of a like majority shall be required, and the names of those who voted, and the vote each candidate received upon the vote resulting in an appointment, shall be recorded." This argument assailing the validity of the appointment is urged with much force. We shall not determine it, however, because there are other questions more controlling and conclusive of the issues involved, and about which there can be, in our opinion, no doubt.

The finding of the court upon the question of plaintiff's right to recover at all was in favor of the plaintiff, and thereupon the defendant offered to introduce testimony to the effect that the plaintiff had earned, or might have earned, sums of money during the months for which salary was claimed, and that such sums should apply as a setoff on the amount sued for herein. This offer was made by virtue of the terms of clause 12 of the agreed statement of facts, which reads as follows :

" The defendant contends that in case the court should find as a matter of law that plaintiff can recover, then the defendant is entitled to offset against any recovery in such

amount as the plaintiff earned in other employments during the months sued for, or might have earned by reasonable and ordinary diligence during such time. On the other hand, plaintiff claims that the defendant is entitled to no offset on account of such matters, but, if the court finds that defend- ant is entitled to such offset, then the defendant may intro- duce evidence on the trial with reference to that matter, in addition to this statement of facts."

The court denied the offer, and refused to receive such evidence. This, of itself, would be reversible error under the ruling of this court. *City of Denver v. Burnett*, 9 Colo. App. 536.

We do not propose, however, to rest our decision solely upon this point. There are other questions, properly raised and presented for our consideration, which are final and conclusive against plaintiff's right to recover anything.

We find nothing in the statute, and nothing in the ordi- nances of the defendant city, which prescribed or fixed any term of office for a policeman. It will be observed from the proceedings of the council, which we have set forth, that the council did not pretend to elect or appoint for any specified term. It is true, that after the vote was had, the mayor an- nounced that the plaintiff was elected for the term of the fis- cal year. This declaration of the mayor was, it is scarcely necessary to say, ineffectual for any purpose. In the absence of a statute or of a valid ordinance, if it could be fixed by ordinance at all, the mayor had no right to declare the term of office to which a person was elected. He was entirely with- out power or authority in the premises. The plaintiff was therefore not appointed for any specified term. In such case, the rule is well settled, that the power of removal is incident to the power of appointment, and it may be exercised at the pleasure of the appointing power, that is to say, it may be arbitrarily exercised, without the assignment of any cause, without notice, and without hearing being accorded to the officer. The incumbent holds only during the pleas- ure of the appointing power. Mechem on Public Officers,

§§ 445, 454; Tiedeman on Municipal Corp. § 83; *Ex parte Hennen*, 13 Pet. (U. S.) 256; *Blake v. U. S.*, 103 U. S. 227; *People v. Robb et al.*, 126 N. Y. 181; *Field v. Commonwealth*, 32 Pa. St. 481; *State v. St. Louis*, 90 Mo. 19; *People v. Fire Comrs.*, 73 N. Y. 437; *People v. Hill*, 7 Cal. 97.

Hence, independent of any statutes specially granting such power, the city council of Leadville had the power to remove the plaintiff and discharge him at its pleasure, without notice to him, without charges being preferred, and without giving him a hearing. In addition to this, however, the power to so remove was expressly conferred by statute upon the city council. The concluding sentence of section. 3383, General Statutes, as amended by the Laws of 1887, p 439, sec. 1, reads as follows :

" In all such cities, the marshal and police shall be elected by the city council, and the city council may elect a solicitor or city attorney, and a police judge or magistrate, who shall hold their respective offices during its pleasure."

Counsel for plaintiff most vigorously urge that the concluding words of the sentence refer only to the offices of solicitor and police judge, who might or might not be chosen by the council, in their discretion. They contend that any different construction would not only do violence to the rules of statutory construction, but would utterly ignore and be in defiance of the well-settled rules of English grammar. This entire section, as it appears in the Laws of 1887, is but very slightly different from the section, as it appears in the General Laws of 1877 and the statutes of 1883. Gen. Laws, p. 912, sec. 2720; Gen. Stats. sec. 3383.

This last sentence which we have quoted is substantially the same in all, except in the last enactment the word "respective" is inserted before "officers," and the words "or city attorney" follow "solicitor," and the words "or magistrate" follow "police judge." Considering the entire section, wherever it is found, its object was undoubtedly, as is apparent at a glance, to provide for the election and appointment and terms of office of the officers necessary to admin-

ister municipal affairs in cities of the second class other than that of mayor, which was provided for in the preceding section. It provides first for the election by the voters of aldermen, and fixes the duration of their term. It provides also for the election of a treasurer and specifies his term of office. It then, in the concluding sentence which we have quoted, embraces all other officers which the legislature deemed necessary to specifically mention, specifies the manner of their election, but fixes no term whatever. Even if it be held that the qualifying words at the end of the sentence apply only to the solicitor and police judge, the statute fixes no term of office for the marshal, nor for the police, and hence, as we have already said, their term would only be at the pleasure of the board. In such case, the concluding words of the sentence would be only a legislative affirmation of the law in reference to the marshal and the police, even if the words had been omitted. We do not see, therefore, that it would be a strained construction to hold that the words applied to all the officers enumerated in the sentence,—it was, we think, the evident intent of the legislature. Legislative bodies are presumed in the enactment of laws to have in view the furtherance of the best interests of the people for whom they are enacted. Where, by the use of either bad language or bad grammar, the intent of the legislature is in doubt, that construction will be favored which tends best to subserve the welfare of the public, this being presumably the object of the legislature. It needs no argument to support the proposition, that in municipal affairs it is essentially in the interest of good government that the council or other controlling power in a city should be invested with authority to summarily remove policemen. This power is more important with respect to these officers than to any other, because it is upon them that most largely depend the peace and good order of the community, the safety of property and security of life. There may be, and it is a matter of common knowledge that there are emergencies when, if it were necessary to present formal charges and have a judicial hearing and

investigation before a policeman could be removed, the peace of the community might be greatly endangered, and serious consequences might follow. As a matter of public policy, therefore, we think that this summary power of removal should be invested in some department of the city government, and that such was the intent of the legislature in this instance. It is true, the sentence is somewhat awkwardly constructed, but this is not such a rare occurrence in legislative enactments as to require or attract special attention and comment. A strict observance of the rules of grammar would possibly require that relative, qualifying or limited words or clauses in a statute are to be referred to the next preceding antecedent, but an inflexible observance of such rule would present many serious complications in the constructions of statutes. It is equally well settled by numerous adjudications that, in statutory construction, this rule has many exceptions, and must yield to the evident sense and meaning of the statute as gathered from the context. As said by a distinguished law writer, following high judicial authority:

"It is better always to adhere to a plain, common sense interpretation of the words of a statute, than to apply to them a refined and technical grammatical construction. It is not always safe to assume that the draftsman of an act understood the rules of grammar. Neither bad grammar nor bad language will vitiate a statute." Sutherland on Statutory Constructions, §§ 258, 259; Black on Interpretation of Laws, § 65.

We are met, however, with the contention that the ordinances of the defendant city prescribed that no officer should be removed, except in a certain manner therein specified, and that such mode was not followed in this instance.

Section 1, chapter 4 of the city ordinances provides for the election by the city council of numerous officers, including "such number of policemen as may be deemed necessary."

Section 2 provides for the giving of bonds in certain amounts by the various officers, and fixes the conditions of the bonds, etc.

Section 3 of the same ordinance provides as follows:

"Any officer named in section one (1) elected by the city council may be removed by a majority of all the members elected to the city council, for incompetency or any dereliction or violation of duty, whenever the council shall think the interests of said city require such removal. Provided, that no officer shall be removed as aforesaid until he shall have had notice of such intended removal, and of the charges preferred against him, served upon him by the officer designated in the ordinance providing the mode in which charges shall be preferred, and a hearing had before the council, and an opportunity given such officer to exculpate himself before the city council."

Another ordinance, chapter 20, entitled, "Mode of preferring charges and regulations concerning hearings before the city council," provided, that whenever complaints should be made to the council, it should be the duty of the council to vote on the question as to whether there should be charges preferred against a party; and, if it was so determined, the council fixed the time and place of trial, etc. The remainder of the ordinance provided for the proper notice, form of trial, etc.

The question here presented has been passed upon by our supreme court. *Carter v. City of Durango*, 16 Colo. 535.

The court in that case had under consideration an ordinance reading in the identical language as that used in section 3 which we have quoted above, as applied to a case in which an officer had been summarily removed without the preferment of charges, or any hearing. The court said:

"We cannot assume that in adopting this ordinance the councilmen intended to curtail their statutory power of removing at pleasure, and limit themselves to removals for the specified causes alone. Besides, it is extremely doubtful if such intent, had it existed, could be thus given any force or effect. For it is not within the power of a municipal corporation, by ordinance or by-law, either to extend or restrict the authority conferred by statute. 1. Dillon Mun. Corp. § 317."

This decision is directly in point and conclusive of the case at bar. It would be unreasonable to assume that the city council by the adoption of this ordinance intended to surrender the power which it had to summarily remove certain officers appointed to serve only during its pleasure. It would be more reasonable to say that it was intended to apply only to the officers mentioned in the preceding sections, who had been elected or appointed for a specified term, or whose tenure of office was fixed by statute; and possibly to apply also to all officers in cases where charges of some special misconduct or dereliction of duty were preferred by some one outside of the council, and a hearing was proper so that the council might determine whether the officer had been guilty of such misconduct. A waiver or surrender of a statutory power vested in a city council, even if permissible at all, will not be presumed, unless such clearly appears to have been intended.

The incompetency of a policeman from want of physical or mental capacity, or from supposed sympathy with the criminal classes, or from numerous other causes, might be apparent to the satisfaction of every member of the council, and might be exceedingly difficult of proof, because, after all, depending merely upon opinion.

There might also in the unanimous opinion of the council, which is responsible for the proper administration of municipal affairs, be urgent necessity for immediate and prompt action. In such case, it seems to us absurd to require that the council, which in any event has the ultimate power of removal, must, before it can exercise this power, undergo the delay incident necessarily to the preferment of formal charges and a public trial and investigation. The council would in some instances be compelled to prefer charges to itself, and sit in judgment upon its own charges, it being all the time conceded that whatever might be its judgment, it would be final and conclusive, and could not be questioned, whatever the evidence upon which it was founded. Surely neither the legislature nor the city council ever contemplated such farcical proceedings.

In further confirmation of the correctness of these views as to the legislative intent, in 1893 the legislature passed an act providing that in cities of the second class the marshal, police magistrate and city attorney should be elected by the qualified electors of the city, and should hold their respective offices for the term of two years. Laws, 1893, p. 460.

It did not in any other respect attempt to change, modify or amend sec. 3383, Gen. Stats. It simply took these officers from without the operation of the last sentence of the section by providing for their election by the people, and fixing for them a specific tenure of office, thus leaving the entire sentence applicable to policemen only.

For these reasons, we are clearly of the opinion that the plaintiff cannot recover in this action. The judgment will therefore be reversed, but, it being unnecessary to occasion additional cost, the cause will not be remanded. Judgment will be entered in this court in favor of the appellant for its costs.

*Reversed.*