STATE ex rel. N. A. KELLEY, Appellant, v. T. C. WOOTEN et al., Respondents.

**Springfield Court of Appeals, November 3, 1909.**

1. **CERTIORARI: Record Only Reviewed.** By a writ of certiorari issued out of the circuit court, it was sought by relator to have the documentary evidence relating to the question of the number of inhabitants in one of the towns in the county, which was offered before the county court at the time a petition for local option election was presented, brought up in respondent's return and reviewed by the circuit court. *Held*, that the writ of certiorari cannot be used to accomplish such purpose; that it only brings up the record, and that only such matters as appear on the face of the record which go to the jurisdiction of the tribunal to which the writ is directed can be reviewed by such writ.

2. ———: **No Provision for Preserving Evidence in County Court.** No provision has been made for preserving evidence taken before the county court and making it a part of the record by bill of exceptions, or otherwise, and, the evidence not being a part of the record, it is not subject to review in a hearing on a writ of certiorari.

3. ———: **What Constitutes Record in County Court in Local Option Election.** The record proper in the county court, in a local option election, consists of the petition presented to the county court for a special election and the orders of record made concerning such election; the notice of the local option election, with proof of the publication of same and the abstract and certificate of the canvass of the votes cast showing the result of the election.

4. ———: **Does Not Lie to Correct Errors in Exercise of Rightful Jurisdiction.** At common law, and, in those states which have not departed materially therefrom (of which Missouri is one), the accepted doctrine is, that where a tribunal has jurisdiction, a writ of certiorari does not lie to correct mere errors in the exercise of rightful jurisdiction.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston*, Judge.

AFFIRMED.

*W. Cloud* and *Thos. Carlin* for appellant.

(1) The motion for judgment should have been sustained. R. S. 1899, secs. 3027, 3028, 6300. (2) The motion for new trial should have been sustained. Land Co. v. Quinn, 172 Mo. 563. (3) The court should have sustained the motion in arrest of judgment. Sturgeon v. Hampton, 88 Mo. 203. (4) When the city council determined the fact that Peirce City had over twenty-five hundred inhabitants, the county court had no jurisdiction over the city in the matter of local option election. State ex rel. v. Mitchell, 115 S. W. 1098; State ex rel. v. Cass County, 119 S. W. 1013; State v. Rinke, 121 S. W. 163. (5) Verbal testimony cannot be considered on certiorari. No bill of exceptions can be taken upon from the county court and certiorari can reach only the record proper. State ex rel. v. Casey, 210 Mo. 235; State ex rel. v. Cawthorn, 40 Mo. App. 94. · In certiorari proceedings the determination of the questions involved is to be made upon the return. State ex rel. v. Williams, 70 Mo. App. 241; State ex rel. v. Baker, 170 Mo. 383. (6) Where the writ has been issued, the appellate court will presume that the circuit court, before it ordered the issuance of the writ, heard the application as to the legal capacity of the relator to sue, and in its sound discretion ordered the writ. State ex rel. v. Moore, 84 Mo. App. 19; State ex rel. v. Heege, 37 Mo. App. 345.

*Archie L. Hilpirt,* Prosecuting Attorney, *Charles L. Henson* and *W. B. Skinner* for respondents.

(1) Respondent's motion to quash the writ should have been sustained because the petition did not state facts sufficient to constitute a cause of action and because the relator was not a party to the record sought to be reviewed nor specially interested therein. Harris on Certiorari, secs. 737, 738 and 740; State v. Lamberton, 37 Minn. 362; Conklin v. Filmore County Com., 13 Minn.

454; Smith v. Yoram, 37 Iowa 89; Iowa News Co. v. Harris, 62 Iowa 501; McQuary v. O'Flinn, 63 Miss. 204; St. Louis v. Telephone Co., 96 Mo. 623; State ex rel. v. Wilder, 200 Mo. 105; Joplin v. Jacobs, 119 Mo. App. 134; Knapp v. Kansas City, 48 Mo. App. 485. (2) A census must be an official enumeration of the people, and as such a public record containing not merely a sum total, but an official list of the names of all the inhabitants preserved in the city archives, subject to public inspection; and unless taken in such manner it is no census and may be attacked collaterally. City of Huntington v. Cast, 149 Ind. 255; 48 N. E. 1025; State ex rel. v. Wilder, 211 Mo. 305; State ex rel. v. Cartwright, 122 Mo. App. 257; Flowers v. Smith, 214 Mo. 98; 6 Cyc. 725.

STATEMENT.—This litigation is rooted in a local option election held in Lawrence county on February 13, 1909, at which a majority of the votes were cast against the sale of spirituous and intoxicating liquors.

The relator, in his petition for a writ of certiorari, alleged that at the time of the vote on local option, the city of Peirce City was a municipal corporation of more than twenty-five hundred inhabitants and duly incorporated as a city of the fourth class; that relator was mayor, and a taxpayer of said city, and that prior to such vote, said city had two licensed saloons from which it was deriving a revenue of two thousand dollars per year, and that by reason of said vote, said city was prevented from exercising its charter powers to license and regulate the sale of intoxicating liquors within its limits, and was deprived of the two thousand dollars license tax.

The relator prayed that the circuit court, by its writ of certiorari, should require the respondents—who are the justices of the county court of Lawrence county —to certify to the circuit court a complete copy of their acts and proceedings in relation to the election,

"including all documents considered by them in the determination of the population of Peirce City."

The trial court issued the writ of certiorari in the usual form, containing no reference to the production of documents referred to in relator's petition. The respondents, however, in their return, make ample amends by furnishing a voluminous supply of documentary evidence relating principally to the census of the city of Peirce City—one taken in 1904 and another in 1907—showing, or tending to show a population of twenty-five hundred inhabitants or more.

Further, it appears by respondents' return that at the time the petition was presented to the county court asking for a local option election, a controversy arose; and two sides appeared before the county court and offered evidence as to the population of Peirce City, one side claiming that two censuses had been taken of the inhabitants of the city of Peirce City, and the other side challenging such censuses on the ground that they were not an official enumeration or list of such inhabitants, but simply a sum total reported by the enumerators, and were a fraudulent pretext devised and designed to defeat the adoption of local option in the city of Peirce City.

The county court, after hearing the evidence offered, made an order of which the following is a part:

"And the court after hearing testimony offered and being fully advised in the premises doth find that the city of Aurora is the only town or city within said county, having, at the time of said petition, a population of twenty-five hundred inhabitants or more, and that the city of Peirce City is a city within said county having, at the time of said petition, a population of less than twenty-five hundred inhabitants, and that the pretended census of said city of 1904 and another of 1907 are each false, fraudulent and void and the pretended returns and results of each of said censuses were not

based upon any list, count or enumeration of said city of Peirce City."

It is conceded by relator that the petition, notice, canvass of votes, and all the subsequent proceedings of the county court conformed to the requirements of the statutes governing local option elections, except its finding of the number of inhabitants of the city of Peirce City.

In the trial court, the relator filed a motion for judgment on the respondents' return and asking that the proceedings of the county court be quashed, which motion was by the trial court overruled and judgment entered that relator's petition be dismissed. A motion for a new trial was duly filed and overruled and the case is here for hearing on appeal.

## OPINION.

NIXON, P. J. (after stating the facts).—It was unquestionably the purpose of the relator in suing out the writ of certiorari in this case, to have the documentary evidence, offered before the county court at the time the petition for a local option election was presented, brought up in the respondents' return and reviewed by the trial court so as to thereby secure a retrial of the question whether or not Peirce City, at the time of the filing of such petition, was a municipal corporation of more than twenty-five hundred inhabitants. This belief that the writ of certiorari can be used to accomplish any such purpose is a total misapprehension of the functions of such writ. The writ of certiorari only brings up the record, and only such matters as appear on the face thereof which go to the jurisdiction of the tribunal to which the writ is directed, can be reviewed by such writ. [Ward v. Board of Equalization, 135 Mo. 309; State ex rel. v. Madison County Court, 136 Mo. l. c. 326.]

The county court is of statutory origin, having neither common law nor equitable jurisdiction. No provision has been made for preserving evidence taken before it and making it a part of the record. Therefore, the evidence adduced before such court on the hearing of habeas corpus (or writ of certiorari), even if reviewable, is no part of the record proper, nor could it be made so in the absence of statutory enactment providing for so doing by bill of exceptions or otherwise; hence, such evidence is not the subject of review here. There is nothing for us to pass upon save the record proper. [State ex rel. v. Madison County Court, 136 Mo. 1. c. 327; State ex rel. v. Walbridge, 62 Mo. App. 162; State ex rel. v. Bland, 168 Mo. 1. c. 7; Hannibal & St. J. R. R. Co. v. State Board, 64 Mo. 308; State v. Common Council, 28 Wis. 271, 55 N. W. 118.]

The record proper in this case, which we can only consider, consists of the petition presented to the county court for a special election and the orders of record made concerning such election, the notice of the local option election with proof of the publication of the same, and the abstract and certificate of the canvass of the votes cast showing the results of the election.

At common law and in those States which have not departed materially therefrom (of which Missouri is one), the accepted doctrine is, that where a tribunal has jurisdiction, a writ of certiorari does not lie to correct mere errors in the exercise of rightful jurisdiction. [4 Ency. of Pl. and Prac., 98; State ex rel. v. Smith, 101 Mo. 174; Railroad v. State Board, 64 Mo. 294; State ex rel. v. Edwards, 104 Mo. 125; State ex rel. v. Shelton, 154 Mo. 670; State ex rel. v. Moniteau County Court, 45 Mo. App. 387.] To cite more cases in support of this principle is "wasteful and ridiculous excess."

As the law has given us no commission under the showing made in this case to set aside the orders of the county court of Lawrence county calling a special

election to vote upon the question of local option in said county, for the reasons herein stated the judgment of the circuit court quashing the writ of certiorari and dismissing the petition of the relator is hereby affirmed. All concur.

## ON PETITION FOR REHEARING.

NIXON, P. J.—For reasons stated in the opinion denying the petition for rehearing in the case of State of Missouri ex rel. Ed. Ryan, appellant, v. T. C. Wooten et al., respondents, the petition for a rehearing in this case is denied. All concur.