Hillsborough, }
  Dec. 7, 1909. }

## HAGERTY v. SHEDD & a.

## ATTORNEY-GENERAL (ex rel. HAGERTY) v. CROWLEY.

The fact that proceedings for the removal of a public officer were irregular and are subject to collateral attack does not constitute a valid objection to a direct proceeding to set them aside.

A statute providing that a mayor and board of aldermen may remove a municipal officer for cause confers judical powers, and contemplates a removal for legal cause, after due notice and hearing.

An irregular and summary proceeding for the removal of a public officer, without preferment of charges, notice, and hearing, must be set aside upon *certiorari*, although the cause of removal may have been just and legal.

A person exercising a public office, who has been made party to a petition for *certiorari* brought by his predecessor to test the legality of his removal, is not entitled as matter of law to have the validity of his title determined in that proceeding.

PETITION, for writs of *certiorari* and *quo warranto*. Trial by the court. Facts found, and cases transferred from the May term, 1909, of the superior court, by *Chamberlin*, J.

*Hamblett & Spring* and *Wason & Moran*, for Hagerty.

*Doyle & Lucier* and *Burnham, Brown, Jones & Warren*, for Shedd and Crowley.

BINGHAM, J. The first proceeding is a petition for a writ of *certiorari*, directing the mayor and aldermen of the city of Nashua

to certify the records of their proceedings in removing Hagerty from membership in the board of public works of the city, and asking that their order removing him from office be decreed null and void. The second is a petition for a writ of *quo warranto* to oust the defendant Crowley from membership in the board of public works, he having been appointed by the mayor and aldermen of the city to fill the vacancy caused by the removal of Hagerty, and having qualified and entered upon the duties of the office. In the superior court the writ of *certiorari* was granted and the record and proceedings of the mayor and aldermen in removing Hagerty from office were quashed and adjudged void, and the defendants excepted. In the *quo warranto* proceeding the trial judge found that the defendant was usurping the office from which Hagerty had been removed, and declined to allow the defendant to show the real cause upon which the mayor and aldermen acted in making the order of removal, and the defendant excepted.

The various contentions of the parties in these cases depend largely upon the decision of the question of the capacity in which the mayor and aldermen acted in removing Hagerty from office. If their powers were administrative and not judicial, there would be no occasion for a writ of *certiorari* to correct the record or set aside the proceedings. *State* v. *Richmond*, 26 N. H. 232, 236. In such case the record might be amended to conform to the facts, on motion made for that purpose in any proceeding where it was brought in question. If, however, their powers were judicial, the mayor and aldermen having jurisdiction of the subject-matter upon which they acted, there may have been and probably was occasion for a writ of *certiorari* to set the proceedings aside, although they were summary, without preferment of charges, notice, and hearing. *Gibbs* v. *Manchester*, 73 N. H. 265, 267. But if the fact that the proceedings were summary would render them subject to attack collaterally, that would not constitute a valid objection to a direct proceeding to set them aside. "Indeed, it may be regarded as settled, that though a party has a right to treat the proceedings of an inferior tribunal as nullities in a collateral proceeding, he may, nevertheless, maintain a *certiorari* to set them aside." *State* v. *Richmond*, 26 N. H. 232, 237.

It appears that Hagerty's appointment was legal, and that his office carried a fixed salary and was for a term of three years. The statute under which the removal was made reads as follows: "The mayor, with the advice and consent of the majority of the full board of aldermen, may remove any member appointed as aforesaid for cause." Laws 1901, *c.* 283, *s.* 2. If the word "cause," as here used, means legal cause and after notice and hearing, the statute confers judicial powers and means the same as

though it read "for cause, after notice and hearing." *Gibbs* v. *Manchester, supra.*

In *Shannon* v. *Portsmouth*, 54 N. H. 183, the action was assumpsit to recover compensation for the services of the plaintiff as a constable and police officer, from July 17 to December 15, 1870. He was duly appointed a constable and police officer of Portsmouth January 13, 1870, and qualified and served as such down to July 7 of that year. He was then notified to appear before the mayor and aldermen to answer charges verbally preferred against him, appeared, and was heard. Thereupon the mayor and aldermen voted that he be suspended from duty. From that time down to December 15, 1870, when he was reinstated, he was not permitted to perform the duties of his office, although ready and willing at all times to do so. At the trial he offered to prove that there was no sufficient cause for his removal or suspension, but the evidence was excluded and a verdict found for the defendants, subject to exception. The provision of the charter of Portsmouth under which the action was taken reads as follows: "They [the mayor and aldermen] shall have full and exclusive power to appoint a city marshal and assistants, constables, and all other police officers; . . . and to remove the same from office for sufficient cause, the mayor and aldermen each having a negative on the other, both in the appointment and removal of officers." Laws 1849, *c.* 836, *s.* 13. In construing the act it was held: (1) That the power to remove included the power to suspend; (2) that the evidence offered for the purpose of showing that the cause for which the plaintiff was suspended was not a legal cause was properly excluded, for the reason that the suspension proceedings were judicial and could not be attacked collaterally; that "if the validity of the suspension is disputed, the plaintiff's remedy must be sought in a proceeding for that purpose, which will put the legality of the acts of the mayor and aldermen directly in issue."

Although the reasoning in this decision may not be as explicit as could be desired, there can be no doubt as to its meaning, and that it was there decided that the power conferred on the mayor and aldermen by the charter, to remove and suspend police officers and constables for sufficient cause, was judicial. Such being the construction of a legislative act conferring power to remove for cause when chapter 283, Laws 1901, was enacted, it is to be presumed that the legislature, by making use of the same language or its equivalent in section 2, intended that it should be taken to confer like power. *Green* v. *Bancroft, ante*, 204, 206. Moreover, it is generally held that statutes authorizing the removal of officers for cause confer judicial powers on the body that is to exercise

them, and that the word " cause " means legal cause, and contemplates a charge, notice, hearing, and judgment of removal upon cause.   *Ham* v. *Board of Police*, 142 Mass. 90; *State* v. *Hoglan*, 64 Ohio St. 532; *Dullam* v. *Wilson*, 53 Mich. 392; *People* v. *Therrien*, 80 Mich. 187; *Hallgren* v. *Campell*, 82 Mich. 255; *State* v. *Common Council*, 53 Minn. 238; *State* v. *St. Louis*, 90 Mo. 19; *State* v. *Walbridge*, 62 Mo. App. 162; *S. C.*, 69 Mo. App. 657; *McCully* v. *State*, 102 Tenn. 509; *State* v. *Smith*, 35 Neb. 13; *Benson* v. *People*, 10 Col. App. 175; *State* v. *Hewitt*, 3 So. Dak. 187; *Biggs* v. *McBride*, 17 Ore. 640; *Osgood* v. *Nelson*, L. R. 5 H. L. 636; 1 Dill. Mun. Corp. (4th ed.), *s.* 250; 2 Abb. Mun. Corp., *s.* 636; Mech. Pub. Off., *s.* 454; 29 Cyc. 1409.

The power of removal conferred upon the mayor and aldermen being judicial, the rejection of the offer to show that the cause for removing the plaintiff was a just and legal one, if erroneous, did not harm the defendants; for the proceedings were irregular and summary, without preferment of charges, notice, and hearing, and would not be cured by a finding that the cause of removal was just and legal.

The position of the defendant Crowley, who was made a party to the *certiorari* proceedings, that he was entitled as a matter of law to prove that he had qualified as a member of the board of public works and entered upon the performance of the duties of his office at the time the petition for a writ of *certiorari* was served upon him, and to have the question whether he was a usurper determined in that proceeding, cannot be sustained.   " The superintending power of the court is limited to the correction of errors of law apparent upon the record, or to requiring the body to act if they refuse to entertain a contest."   *Sheehan* v. *Mayor and Aldermen*, 74 N. H. 445, 446.   Matters outside the record as certified from the inferior tribunal cannot be considered.   *Sheehan* v. *Mayor and Aldermen, supra; Richardson* v. *Smith*, 59 N. H. 517, 519; *Hayward* v. *Bath*, 35 N. H. 514, 521; *Landaff's Petition*, 34 N. H. 163, 173; *Osgood* v. *Nelson*, L. R. 5 H. L. 636; 3 Abb. Mun. Corp., *s.* 1126.

*Exceptions overruled.*

All concurred.