STATE OF MISSOURI ex rel. WILLIAM F. KUHN, Respondent, v. JACOB GEIGER et al., Appellants.

Kansas City Court of Appeals, January 2, 1911.

1. **STATE HOSPITAL: Superintendent: Discharged.** The board of managers of one of the state hospitals can only discharge a superintendent of such hospital upon charges preferred and a hearing had of those charges after due notice of the charges and time and place of hearing shall have been given to him.

2. ———: ———: **Charges: Trial: Notice: Findings.** Charges were preferred against the superintendent of a state hospital on the 15th day of May, 1909, and he was notified that a trial would be had on June 3d thereafter. He appeared and

a trial was had lasting until June 5th. The board took the evidence under advisement until June 22d, when it made its findings, which, with its conclusions thereon, were entered of record, and the board adjourned. The superintendent was not discharged, though it criticised him. He resented the criticism on June 26th, by writing the board a letter. Afterwards, a majority of the board signed a request for a called meeting which was had on July 1st, without charges being preferred and without notice to the superintendent, and he was discharged at this meeting. *Held,* That the finding and conclusions of the board made on June 22d was an adjudication and an end of the charges preferred; and that the subsequent meeting of July 1st and discharge were void as being without notice.

3. ——: ——: **Mandamus.** Where a superintendent of a state hospital was refused a warrant for his salary and expenses for the month of July on account of a void discharge, it was *held*, that mandamus was a proper remedy to compel the issuance of the warrant.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin,* Judge.

AFFIRMED.

*Culver, Phillip & Spencer* for appellants.

The board of managers of state hospital No. 2 had the right to remove Dr. Kuhn as superintendent for "incompetency, willful neglect or refusal to discharge any of his duties, or for any other misconduct which might render it unfit for him to remain in his office." Sec. 4850, R. S. 1899. The only limitation upon this right is that he must have reasonable notice of the charges preferred and be given an opportunity to be heard in his own defense. State ex rel. v. Knott, 207 Mo. 167.

*J. W. Boyd* and *Spencer & Landis* for respondent.

(1) Mandamus is the proper remedy to compel the board of managers to pay what is due an officer, such as the superintendent, wrongfully and illegally

discharged, without notice, without a hearing, without the filing of any charges against him, and without evidence. State ex rel. v. Walbridge, 153 Mo. 194; State ex rel. v. Gibson, 187 Mo. 555; State v. Grant, 81 Pac. Rep. 795. (2) There must be specific charges preferred and due notice given in order to give the board jurisdiction to try the superintendent for cause. State ex rel. v. Knott, 207 Mo. 167; State ex rel. v. City of St. Louis, 90 Mo. 19; State ex rel. v. Walbridge, 119 Mo. 383; State ex rel. v. Lupton, 64 Mo. 415; In re Clark, 208 Mo. 149; State v. Grant, 81 Pac. Rep. 795. (3) The board of managers of state hospitals may only remove the superintendent of such hospital for certain specified causes. Sec. 4850, R. S. 1899. (4) Such superintendent has the sole authority to employ, and discharge attendants of any such institution. Sec. 4855, R. S. 1899. (5) The court has the right to inquire into the facts as to whether the removing power had sufficient cause for removal. State ex rel. v. Walbridge, 119 Mo. 383. And the action of the board of managers is judicial in its nature. State ex rel. v. Walbridge, 119 Mo. 396. And the proceedings for removal by such board are of quasi-judicial character. 23 Am. and Eng. Ency Law, 450; State ex rel. v. Knott, 207 Mo. 176; People v. Wright, 150 N. Y. 444; People v. French, 119 N. Y. 502. (6) The circuit court has the power to direct the board of managers when they refuse to do so, to pass on bills for monthly expenses and to draw warrants for their payment. State ex rel. v. Lafayette County, 41 Mo. 221; State ex rel. v. Dearing, 173 Mo. 510.

ELLISON, J.—Relator was formerly superintendent of state hospital No. 2, located at St. Joseph, Missouri, and the respondents are the board of managers for such hospital. After the end of relator's services he demanded warrants for his last month's services as superintendent (being the month of July, 1910) in the

sum of $250 and for the living expenses of himself and his family for said month as the same may be ascertained by the board. This demand was refused by the board and he thereupon instituted this proceeding by mandamus to compel them to do so. The trial court made the alternative writ absolute, and respondents appealed to this court.

The answer made by respondents to the alternative writ was that written charges had been made against the relator as superintendent, on the 6th of May, 1909, to the effect that he was incompetent and had neglected his duties, rendering him unfit to act as superintendent. That relator was duly notified of said charges on the 15th day of May, and a hearing thereof set for the 3d of June thereafter. That on said day relator appeared and the hearing was begun and continued from day to day until the 5th day of June, when all the evidence had been heard. That thereupon, at the close of the evidence, the respondents, as such board, took its action and findings in regard to the charges, under advisement, and thereafter, on the 1st of July, met and made its findings sustaining said charges, and had them entered of record, removing and discharging relator from the office of superintendent, and made said order of discharge effective from and after the first of July aforesaid; and that therefore he was not entitled to a salary and living expenses for the month of July as demanded by him.

In some important particulars the facts did not sustain the allegations of the return. It appears in evidence that written charges were presented to the board against the management of the hospital, which were understood to apply principally to the superintendent and he was notified and appeared before the board and entered upon his defense, the hearing beginning on the 3d of June and ending on the 5th, thereafter, when the board took the matter under advisement until the 22d of June, when it made its findings

on said charges, in which and by which relator was not discharged from his office. These findings were signed by the majority of the members of the board and were entered of record, and the board adjourned.

The findings were in many respects indefinite and only sustained the charges in a qualified way. They showed relator to be blameless in many matters investigated; so that it may be fairly said they contained only a reflection on his management of the institution. They contained this paragraph: "There has been some laxness on the part of the superintendent, an evidence of his lack of intimate knowledge of the detailed workings of the institution, that warrants criticism." It is then stated in the finding that "for the good of the institution and for the betterment of the service, we recommend the removal of the supervisor and supervisoress."

The findings also stated that the evidence had been so damaging to four other employees that their "dismissal" was recommended. But they contained no suggestion of removing or discharging relator; on the contrary the recommendation that he discharge these persons was, in effect, a statement that he would remain in office. He, however, took offense at the criticism made by the board and afterwards, on the 26th of June, addressed a letter to them in which he defended his care and effort at the hospital, resented the criticism made of him, and refused to discharge the supervisors as recommended by the board, saying that the law intrusted such matters to his own discretion, but stated the others referred to had resigned.

This letter incensed a majority of the board of managers and they conferred together on the evening of June 30th and three of them signed a call for a meeting of the board for the next day (July 1st), for the purpose of dismissing the relator. The meeting was held the next day, attended by a majority, and relator was discharged.

Relator had no notice of such meeting until after the proceedings against him had been adopted, when he was notified that he had been discharged.

Afterwards the members of the board became aware that the legality of the discharge of relator was being questioned on the ground that no charges had been preferred against him since the findings made as the result of the trial and he had not been notified of the meeting of July 1st. Another meeting was therefore had on the 5th of August, and one of the members of the board "as a citizen of Buchanan county, Missouri," filed written charges against relator, in which he was referred to as then the superintendent. A day was set for trial and written notice of the charges and time and place of trial was given to him. It seems that no formal evidence was heard at this trial and what was termed evidence consisted of what the members of the board stated in the meeting. At any rate, relator's resignation was handed to the president of the board before it met, and after a discussion of the charges by the board, it was accepted. The acceptance was recorded in the record, with a statement that the board was of the opinion that relator had been discharged on July 1st, yet "in order to avoid any further controversy in said matter, it is ordered that said resignation of W. F. Kuhn be and the same is hereby and now accepted."

The foregoing statement of facts shows beyond any controversy that the relator was discharged as superintendent on July 1st, without charges being preferred and without notice or trial. There is some effort made in argument to show that the board was, on that date, still considering the charges made and evidence heard on June 3d, 4th, and 5th, on which a finding was made and entered of record on June 22d, as we have already stated. But the position taken is wholly unwarranted by the record, which clearly discloses the action of the board from first to last.

When charges were preferred in May and relator was notified thereof and appeared and regular trial was had by the hearing of evidence from a number of witnesses as well as the parties concerned, with the aid of counsel, and a finding made on those charges, together with the conclusion thereon, all duly entered of record, and the board adjourned, the matter was at an end. The subject-matter of the trial became adjudicated and the charges were no more subject to be reopened and reconsidered without notice to the superintendent, than they could have been originally without notice to him. His discharge on July 1st was undoubtedly brought about by matters transpiring after the findings made on the trial, especially by his letter to the board which they regarded as offensive. But the letter contained statements of fact and law which demanded investigation, and on which he had a right to be heard in connection with any matter transpiring after the trial.

That a removal of a superintendent of one of the state hospitals cannot be legally had without charges preferred against him and a hearing had on due notice to him, cannot be questioned. The statute (sec. 4850, R. S. 1899, sec. 1387, R. S. 1909) is that: "The managers may, at their pleasure, remove from office any officer of the institution save the superintendent; and they may remove the superintendent for incompetency, willful neglect or refusal to discharge any of his duties, or for any other misconduct which might render it unfit for him to remain in office." It will be noticed that while the board may, "at their pleasure," remove other officers than the superintendent, as to him they can only remove for cause. This implies that some cause of removal shall be embodied in a charge against him and a proper hearing had after due notice to him. [State ex rel. v. Knott, 207 Mo. 167; State ex rel. v. City of St. Louis, 90 Mo. 19; State ex rel. v. Walbridge, 119 Mo. 383.]

That the board came to recognize this as the law governing its relations with the superintendent, is shown by its entertaining charges made after July 1st and setting them for trial and directing that notice be given him.

Since, for the reasons we have stated, the action taken by the board on July 1st was void, it follows that the judgment of the trial court must be affirmed. The other judges concur.