No. 24023.

ROBERT A. MITCHELL *v.* TOWN OF EATON, A COLORADO MUNICIPAL CORPORATION; AGNES SANDSTEAD, TOWN CLERK OF THE TOWN OF EATON; H. P. CHRISTENSEN AS MAYOR OF THE TOWN OF EATON; AND C. H. CARTER, ALVIN H. CARSTEN, LYNN KEIRNES, KENNETH VOGEL, J. E. SMILLIE, J. PAT MAYLOTT, AS THE SIX MEMBERS OF THE BOARD OF TRUSTEES OF THE TOWN OF EATON, AND REUBIN BOPP AND JO HAUSE AS NEW MEMBERS OF THE BOARD OF TRUSTEES.

(491 P.2d 587)

Decided December 13, 1971.

474

MALEY and SCHIFF, JOHN T. MALEY, for plaintiff in error.

WILLIAM L. WEST, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

THIS writ of error is directed to an adverse judgment of the trial court dismissing Robert A. Mitchell's claims for relief against defendants in error. We affirm the judgment.

In February 1968, Mitchell filed an action against the Town of Eaton, the mayor, clerk, and board of trustees, seeking reinstatement as marshal of the town of Eaton

and recovery of back pay claimed to be owing him from the time of the alleged unlawful termination of his employment by the town.

The case was determined on stipulated facts on defendants' motion for summary judgment. The material facts, as shown by the record, were that the town of Eaton was a statutory town as defined by C.R.S. 1963, 139-2-2. On April 13, 1964, Mitchell was hired by the board of trustees as a "deputy marshal" to fill a vacancy created by a resignation. At the same meeting one Gordon S. Boyer was also hired as a deputy marshal. The marshal or chief of police, as he is designated by ordinance, was one Clifford White who had served in that office for approximately six years.

White resigned from the office of marshal on December 14, 1964. Mitchell and Boyer continued in their employ as deputy marshals. The office of marshal remained vacant until September 11, 1967. One of the stipulated facts was that after White's resignation the town board had designated Mitchell as "acting chief marshal."

In February 1965, Mitchell made formal application for the appointment as "chief of police." The board of trustees never acted on this application and the office of chief of police or marshal remained vacant until September 11, 1967. Mitchell and Boyer were rehired as deputy marshals on April 11, 1966.

Thereafter, the minutes of the board meeting held on September 11, 1967, show that Mitchell's employment was summarily terminated, without notice or hearing, for various reasons by the police committee of the board of trustees. At the same meeting, a chief of police or marshal was appointed by the board of trustees.

The record further showed that no ordinance had ever been adopted by the town creating an office of deputy marshal.

On the basis of the foregoing, the trial court entered a summary judgment in favor of defendants and

against Mitchell. The court held Mitchell had never been hired or appointed other than as a deputy marshal; that he was not one of those town officers who was entitled to the protection of the removal provisions of the statute, C.R.S. 1963, 139-6-6, which require the filing of written charges and a hearing thereon; and that therefore he could be discharged summarily as was done. We agree with the trial court's resolution of this matter.

■ C.R.S. 1963, 139-6-1 *et seq.*, provides for the organization of statutory towns. Section 4 provides:

"Appointment of officers — compensation. — The board of trustees shall appoint a recorder, treasurer and town attorney, or shall provide, by ordinance, for the election of such officers, and such subordinate officers as they may deem necessary for the good government of the corporation, and shall prescribe their duties, when the same are not defined in this chapter, and compensation, or the fees they shall be entitled to receive for their services, and require of them an oath of office and a bond, with surety, for the faithful discharge of their duties. * * *"

Section 5 provides:

"Marshal — powers and duties. — A marshal shall be appointed by the trustees, and shall be the principal ministerial officer of the corporation, and shall have the same power that constables have by law, coextensive with the county, in cases of violation of town ordinances, and for offenses committed within the limits of the corporation. He shall execute the process of the mayor, and receive the same fees for his services that constables are allowed in similar cases."

Section 6 contains the removal provisions of the statute and permits removal of the mayor, recorder, or any member of the board or any officer of the corporation, after written charges and an opportunity of hearing, by a concurrent vote of four members of the board of trustees.

We hold that in view of the language of the statute and the absence of an ordinance creating the office of

"deputy marshal," when Mitchell was hired as a deputy marshal he did not thereby become an officer as contemplated by the statute to which the removal provisions of C.R.S. 1963, 139-6-6, would be applicable.

This Court has followed the general rule that, unless otherwise limited or restricted by statute or ordinance, implicit in the power of a city or town to hire is the power to discharge at any time without notice and without necessity of written charges and hearing thereon. *Carter v. City Council*, 16 Colo. 534, 27 P. 1057; *City of Leadville v. Bishop*, 14 Colo. App. 517, 61 P. 58. For a general discussion of this proposition, *see also* 3 *C. Antieau, Municipal Corporation Law* § 22.22; 3A *C. Antieau, Municipal Corporation Law*, § 30A.11; 4 *E. McQuillin, Municipal Corporations* §§ 12.249, 12.250.

The argument advanced that since Mitchell was designated as "acting chief marshal" he should therefore be entitled to all of the benefits of that office, including the protection of the removal provisions, is not persuasive. Implicit in the use of the word "acting" is recognition that Mitchell was not in fact the marshal; and, consequently, he was not entitled to the benefits he claims.

Further arguments based upon the public policy relative to job security do not justify this Court in extending the provisions of the statute to cover police officers such as Mitchell. This is a legislative matter properly within the domain of the General Assembly or the town board of trustees.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.