**Deborah Ann ENGLISH**

v.

**NORTH EAST BOARD OF EDUCATION.**

**Civ. A. No. 74–60 ERIE.**

United States District Court,
W. D. Pennsylvania.

Nov. 6, 1974.

Reconsideration Denied Nov. 20, 1974.

---

**1176**

George Levin, Erie, Pa., for plaintiff.

Edward Orton, North East, Pa., for defendant.

## OPINION

WEBER, District Judge.

Plaintiff schoolteacher was hired by Defendant School Board as a "temporary professional employee" for a one year term on January 24, 1974. On June 30, 1974, after notice and hearing before the Board, her contract was terminated. She brings this action under the federal Civil Rights Act 42 U.S.C. § 1983 claiming jurisdiction under 28 U.S.C. § 1343. While the School Board is not a "person" giving rise to a cause of action under 42 U.S.C. § 1983, we would not dismiss without giving leave to amend, and plaintiff has moved to amend to name the individual members of the Board as parties defendant. Because plaintiff alleges a deprivation of due process jurisdiction might also be under 28 U.S.C. § 1331, provided that the requisite jurisdictional amount were alleged. We, therefore, do not consider it significant whether or not the School Board is a "person" until we determine whether the pleadings are sufficient in other respects to withstand defendant's motion for summary judgment.

No allegation is made that the substantive decision to terminate plaintiff's employment was based on plaintiff's exercise of any constitutional rights or was in violation of any constitutionally prohibited discriminatory practice. Such an allegation would give her the right of action in this court regardless of any institutional hearing. Skehan v. Board of Trustees of Bloomsburg State College, 501 F.2d 31 [3rd Cir. 1974]. Rather her sole attack is upon the procedural due process of which she claims she was denied by the Board's administrative process.

■ Plaintiff's contract right to employment for a term of one year is a property interest under Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 [1972] and Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 [1972]. We are, therefore, called upon to determine whether the method of termination comported with fourteenth amendment procedural due process.

Plaintiff at this stage of the litigation is still in the same procedural posture as was the plaintiff in Perry v. Sindermann, supra, facing a motion for summary judgment on the pleadings. The plaintiff here, however, has passed the obstacle facing the plaintiff in Perry, in that there is no dispute here that plaintiff's employment was terminated before her one year contract expired by its own terms. In Perry v. Sindermann, the court held that Sindermann's claim that the "college refused to renew the teaching contract on an impermissible basis—as a reprisal for the exercise of constitutionally protected rights" [408 U.S. at p. 598, 92 S.Ct. at p. 2698] presented a genuine dispute which foreclosed the exercise of summary judgment. Similarly, it held that "respondent's allegations—which we must construe most favorably to the respondent at this stage of the litigation—do raise a genuine issue as to his interest in continued employment . . . " [p. 599, 92 S.Ct. at p. 2698]. Thus Summary Judgment on the pleadings was improper on that issue.

The majority opinion gives scant guidelines as to what constitutes a due process hearing in the event that plaintiff established his contractual interest, except to say, "But such proof would obligate college officials to grant a hearing at his request, where he could be informed of the grounds for his nonretention and challenge their sufficiency." [p. 603, 92 S.Ct. at p. 2700].

The concurring opinion of Chief Justice Burger in both Roth and Perry indicates that one having a contractual right "has, in turn, a right guaranteed by the Fourteenth Amendment to some form of prior administrative or academic hearing on the cause for nonrenewal of his contract." [408 U.S. pp. 603–604, 92 S.Ct. at p. 2717]. The one clear standard given is that such a hearing must be prior to the dismissal. See also Skehan v. Board of Trustees, cite supra, 501 F.2d at p. 38.

During the course of the one semester which plaintiff worked she was evaluated by certain supervisors. On the basis of these evaluations her superintendent on June 10, 1974 gave her a final rating of "unsatisfactory". On June 14, 1974 she was notified that on June 19, 1974 she was to appear at a hearing before the School Board at which her unsatisfactory rating would be considered. On application to the Court of Common Pleas, plaintiff obtained a continuance of the hearing until June 29, 1974, and an order that the School Board provide plaintiff with copies of the three rating forms which would be considered. The hearing was held on June 29, 1974; plaintiff was present with her counsel, cross-examined the School Board's witnesses, and presented a witness in her own behalf as well as her own testimony. The School Board was represented by its Solicitor. Testimony was elicited in question and answer form, the entire proceedings were transcribed by a court reporter and the transcript has been filed as an exhibit with this motion.

Plaintiff makes two specific claims of deprivation of due process: inadequate notice of all charges made against her at the hearing and the failure of the School Board to afford her a hearing by an impartial arbiter.

■ With regard to the first claim it is the plaintiff's position that she was entitled to know beforehand the evidence which would be presented against her and that the failure of the notice to give this evidence in detail prejudiced her ability to prepare a defense and to cross examine the witnesses against her.

Plaintiff has proffered no evidence to show any actual prejudice to the conduct of her defense through deficiencies of

the notice. Plaintiff's argument would confer upon her greater procedural rights than are afforded a defendant in a criminal proceeding, where the prosecution is not required to disclose the details of its evidence. Duke v. United States, 255 F.2d 721 [9th Cir. 1958]; Fischer v. United States, 212 F.2d 441 [10th Cir. 1954].

"The Fifth Amendment does not require a trial-type hearing in every conceivable case of governmental impairment of private interest. . . . The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." Cafeteria Workers v. McElroy, 367 U.S. 886, 894–895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 [1961]. See also Simard v. Board of Education, 473 F.2d 988, 992 [2nd Cir. 1973].

We find that the plaintiff was given substantial notice of the basic charges, an opportunity to cross examine the witnesses who presented the testimony against her, and an opportunity to be heard by herself and witnesses on her behalf.

■ In Simard v. Board of Education, cit. supra, the court considered the charge that the Board of Education was not a sufficiently neutral decisionmaker:

"[W]e would not mandate individual disqualifications in the circumstances of this case. School boards frequently negotiate with teachers in their capacity as bargaining representatives. The constitutional rule sought here would require that decisions as to teacher competence be surrendered to a body less familiar with relevant considerations and not responsible under state and local law for making these decisions. Moreover, it is unrealistic to require a Connecticut town to provide more than one body to deal with various aspects of school administration. We do not believe that due process, varying as it does with differing factual contexts, requires so much in this case, absent a showing of actual, rather than potential, bias." op. cit. p. 993.

There has been no allegation of actual bias in this case. Nor do we find the allegation that the school board solicitor was acting in a dual capacity, as prosecutor and as advisor to the Board, of sufficient weight, even though the solicitor has seen fit to file an affidavit that he took no part in the deliberate proceedings after the hearing.

The plaintiff has cited a large body of state statutory, administrative and judicial regulations concerning the nature of teacher dismissal proceedings. We do not deem these relevant to the constitutional due process question before us. We can only note that among the due process safeguards afforded plaintiff by the state law is the right of appeal to the state courts. It is noted here that a timely appeal was filed in the state courts by plaintiff, but is not being actively prosecuted.

■ The cases involving the due process requirements for dismissal of non-retention of non-tenured teachers have applied a scale of standards depending upon the interest alleged to be impaired by the action of the employing authority. Where state action denies a person a license or opportunity to practice a chosen profession, due process requires notice, a hearing, and a chance to respond to the charges against him. Greene v. McElroy, 360 U.S. 474, 79 S. Ct. 1400, 3 L.Ed.2d 1377 [1959]; Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 [1957]. At the other extreme a non-tenured teacher's interest in knowing the reasons for the non-renewal of his contract and in confronting the Board on those reasons is not sufficient to outweigh the interest of the Board in free and independent action with respect to the employment of probationary teachers. Orr v. Trinter, 444 F.2d 128 [6th Cir. 1971]. In the present case, it is not the question of non-renewal, but the termination of the probationary teacher during the pendency of her one-year contract, a property interest which requires not only due process review, but a balancing of the property right invaded

against the legitimate interests and responsibilities of the defendant Board. The requirement of a full scale trial in every case would undoubtedly produce a repressive effect on the exercise of their functions and responsibilities by school administrators, "And the schools would be left with a teaching force of homogenized mediocrities." Drown v. Portsmouth School District, 435 F.2d 1182 [1st Cir. 1970].

We believe that this is a point to say a good word on behalf of the doctrine of abstention. Whether we misunderstood or misapplied it, our attempt was not looked upon with favor in this Circuit. See King-Smith v. Aaron, 455 F.2d 378 [3rd Cir. 1972]. While our observation may be irrelevant we feel like the visitor to a funeral in the Lone Star State when called upon to eulogize, "If nobody wants to speak about the deceased, I'd like to say a few words about Texas." The state law in Pennsylvania provides elaborate procedures governing the selection, tenure, and dismissal of teachers. Many of plaintiff's arguments are directed to state procedural defects that, in our opinion, do not arise to the level of constitutional due process. We do not know at this stage whether they are controlling and unclear questions, which are prerequisites to our invoking abstention. But in any event it appears to us that the avenue of state court appeal in these cases is a far superior route for their determination. We believe this was noted by Chief Justice Burger in his concurring opinion in *Roth* and *Sindermann*:

"Because the availability of the Fourteenth Amendment right to a prior administrative hearing turns in each case on a question of state law, the issue of abstention will arise in future cases contesting whether a particular teacher is entitled to a hearing prior to nonrenewal of his contract. If relevant state contract law is unclear, a federal court should, in my view, abstain from deciding whether he is constitutionally entitled to a prior hearing, and the teacher should be left to

resort to state courts on the questions arising under state law." [p. 604, of 408 U.S., p. 2717 of 92 S.Ct.].

Nevertheless, we do not abstain, but we do find on the basis of the record of the entire state procedure presented to us in support of this motion for summary judgment that plaintiff's claim of denial of procedural due process under the Fourteenth Amendment must fall.

ORDER

And now this 6th day of November, 1974, upon consideration of Defendant's Motion for Summary Judgment and the evidentiary materials submitted in support thereof, being the record of the prior administrative proceedings in this case, that there is no genuine issue of material fact and that judgment should be entered as a matter of law for the Defendant. Defendant's Motion for Summary Judgment is granted and judgment is entered for defendant without prejudice to any rights she may assert under state law.

ON MOTION FOR RECONSIDERATION

Plaintiff moves for reconsideration of the Order of this Court entering Summary Judgment for the Defendant. The Complaint in this case involved the dismissal of a non-tenured temporary school teacher, having a one year contract, at the end of her first semester and prior to the completion of the contract term. She alleged due process violations in the manner of her dismissal. The Defendant moved for Summary Judgment and produced the transcript of her hearing before the School Board which showed prior notice of the nature of the charges, the hearing, the opportunity of Plaintiff to cross-examine witnesses and present a defense in her own behalf. We held that there was no violation of due process on the record presented and dismissed the plaintiff's complaint. Now plaintiff attacks our finding that there had been no allegation of actual bias in this case and refers to paragraph six of the Com-

plaint and paragraph eight of the Plaintiff's Supporting Affidavit opposing the Motion for Summary Judgment. We have re-examined paragraph six of the Complaint and find no allegation of actual bias but solely an attack on the impartiality of the tribunal by reason of the fact that the School Board, its President and its Solicitor were both prosecutor and judge. We dealt with that allegation in our Opinion granting the Summary Judgment. We have similarly re-examined paragraph eight of the Plaintiff's Affidavit and find the general allegation that the tribunal who heard Plaintiff's case were not impartial and their decision may not have been based on evidence offered at the hearing. This is not an allegation as to a matter of fact but merely a conclusory statement.

■ The Plaintiff asks that the Summary Judgment be reconsidered and vacated until such time as she has an opportunity to depose the Defendant School District Board Members on the issues of bias or impartiality and their consideration of evidence other than that produced at the hearing. The Plaintiff's Affidavit in support of the present petition presents no issue of fact sufficient for consideration in a Motion for Summary Judgment. It recites that the Plaintiff now desires to depose the School Directors and their Solicitor for the purpose of discovering the bias or off-the-record information which may have influenced their judgment. We cannot find that a satisfactory ground for the denial of a Motion for Summary Judgment.

Rule 56(e) of the Federal Rules of Civil Procedure provides that:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein.

. . . . . .

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

■ While the Plaintiff had originally served notice of taking depositions of all members of the School Board, the Defendant moved to vacate this notice which was served on September 5, 1974 because it was served on Defendant prior to the service of the Complaint in this case and in violation of Fed.R.Civ.P. 30(a) which requires leave of court when depositions are sought to be taken within thirty days of the service of the Summons and Complaint. On September 11, 1974, Defendant moved to dismiss the Complaint on various grounds and also moved for Summary Judgment and in support of said motion filed an affidavit as to the facts of the proceeding against Plaintiff before the School Board together with the adjudication of the Board, the documentary exhibits presented, and the entire transcript of the proceedings before the School Board. On the same date the Plaintiff filed a Motion for leave to take depositions stating "that in order to properly argue the Motion to Dismiss, the court must have before it certain matters which can only develop through depositions to determine whether or not the requirements of procedure of due process were followed, and the Plaintiff is not desirous at the time of taking of the preliminary depositions to go into the actual evaluations of the Plaintiff." The court ordered all discovery proceedings stayed and ordered the Plaintiff to file her Response to the Motions filed together with any supporting evidentiary material. In response to the Motion for Summary Judgment the Plaintiff filed an Affi-

davit which denied receipt of adequate and timely notice of the hearing, which denied a fair opportunity to cross-examine witnesses against her at the hearing and denied a fair opportunity to present testimony in her own behalf, and which attacked the fairness of the hearing because of the dual nature of the School Board as prosecutor and judge in the proceedings. We cannot find that the Affidavit raises genuine issues of material fact. It makes conclusory allegations which are insufficient to raise issues of fact in the face of the concrete and specific evidentiary material presented by the Defendant. The Defendant has shown by specific evidence that notice of charges were given, a full evidentiary hearing was held, the opportunity to cross examine witnesses was given, the opportunity to present testimony in her own behalf was given Plaintiff, and specific findings were made by the School Board. Plaintiff attempts to reargue the case presented before the School Board but this is not the tribunal provided for such an opportunity. The Pennsylvania statutes have provided for a process in which the entire matter may be reviewed de novo by a court of record. Plaintiff's arguments as to the observance of the technicalities of the procedure can be presented to that tribunal.

■ Plaintiff's Motion for Leave to Take Depositions filed at the time of the Defendant's Motion for Summary Judgment does not satisfy the requirements of Fed.R. of Civ.P. 56(f) which provide for the enlargement of time for the taking of affidavits or depositions in opposition to motions for summary judgment. Rule 56(f) allows that procedure when the opposing party sets forth good reasons for the allowance of such discovery;

"Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

The original motion of the Plaintiff in requesting leave to take depositions sets forth no reason for such discovery except that "the court must have before it certain matters which can only develop through depositions to determine whether or not the requirements of procedure of due process were followed." We do not deem this statement to satisfy the requirements of Rule 56(f).

■ The Plaintiff's present motion to vacate the summary judgment and to allow the Plaintiff to proceed with depositions recites that "the plaintiff, as of this date, cannot be sure of the facts set forth in her Affidavit but is under the impression that certain of these facts may be true and if said facts are true, it could also be true of other Board Members." This is in connection with her claim of actual bias. As we have recited before no claim of actual bias was made in the Complaint or in the Affidavit. Plaintiff gives us no reason for following such a course of action;

". . . the expressed desire to the defendants' counsel for an opportunity to cross examine the plaintiffs' witnesses in the hope of turning up something in defense was not sufficient to prevent (the entry of summary judgment), 6 Moore's Federal Practice, 2d Ed., § 56.15(4), p. 2142, at least in the absence of a showing such as is contemplated by Rule 56(f), that all of the facts were necessarily within the exclusive knowledge of the plaintiffs and not accessible to the defendants." United States for the use of Kolton v. Halpern, 260 F.2d 590 (3rd Cir. 1958).

■ "In the exercise of its discretion the court may deny a continuance . . . where the results of a continuance to obtain further information and discovery would be wholly speculative or problematical." 6 Moore's Federal Practice, 2d Ed. § 56.24, p. 2880. See Columbia Fire Insurance Company v. Boykin & Tayloe, 185 F.2d 771 (4th Cir.

1950). A party cannot resist a Motion for Summary Judgment under Rule 56 by arguing that there is an issue for the jury as to malice unless he makes some showing, of the kind contemplated by the Rules of fact from which malice may be inferred. Thompson v. Evening Star Newspaper Co., 129 U.S.App.D.C. 299, 394 F.2d 774 (1968).

We conclude that the Plaintiff received due process of law in the termination of her employment in view of the property interest at stake. She did not allege actual malice or bias in her Complaint or her Response to the Motion for Summary Judgment and did not then show, nor does she now show, facts from which inferences may be drawn which would allow us to reopen this matter for additional discovery. She has her statutory remedy of a de novo appeal of a teacher's dismissal and her common law remedy for breach of contract. Accordingly, the motion to vacate the judgment entered will be refused.

## ORDER

And now this 20th day of November, 1974, Plaintiff's Motion to Vacate Summary Judgment previously entered is denied.