541 P.2d 88 (1975)
Sybil RATCLIFF, Plaintiff-Appellee,
v.
Harold E. KITE, Mayor of Commerce City, et al., Defendants-Appellants.
No. 74-261.
Colorado Court of Appeals, Div. III.
July 8, 1975.
Rehearing Denied August 12, 1975.
Certiorari Denied October 27, 1975.
*89 Geer, Goodwin & Chesler, P. C., David L. McCarl, Denver, for plaintiff-appellee.
Gehler & Cohen, Robert R. Gehler, Commerce City, for defendants-appellants.
Selected for Official Publication.
SMITH, Judge.
Plaintiff, Sybil Ratcliff, was terminated as City Clerk of the city of Commerce City by the City Manager on June 7, 1972. A review of her termination, pursuant to provision of the city charter was scheduled by the City Council. Plaintiff requested that the City Council issue subpoenas to compel attendance of witnesses to testify at the hearing. This request was refused and plaintiff thereupon applied to the district court for Adams County, ex-parte, for an order requiring the city to issue the subpoenas. An order, in the form requested, was granted without notice or hearing. Commerce City then filed a motion seeking to have the order vacated and, after a hearing, the court vacated its previous order and ruled that the City Council of Commerce City did not have the power to issue subpoenas in this type of review proceeding.
Plaintiff previously appealed to this court from the decision of the district court denying her request for the issuance of subpoenas. That appeal was dismissed, under C.A.R. 35 for her failure to prosecute diligently the same.
The review proceeding was held by the City Council, evidence was received, and after deliberation, the Council upheld the decision of the City Manager. Plaintiff objected to the hearing being held and refused to participate or present evidence *90 because the city had refused to issue subpoenas on her behalf. She also objected to the Council's consideration of affidavits which had been presented.
Plaintiff thereafter filed a complaint in the district court pursuant to C.R.C.P. 106(a)(4) seeking review of the decision of the City Council which had upheld the City Manager's termination of plaintiff. The district court ruled that the City Council violated plaintiff's constitutional right to due process of law because she was not afforded compulsory process to compel attendance of witnesses at the City Council's review proceeding and because hearsay testimony in the form of affidavits was considered by the City Council as a portion of the evidence against plaintiff during that proceeding. The Mayor, City Council, and City appeal. We reverse.

I
As to the issue of whether plaintiff was entitled to the issuance of subpoenas, the earlier determination by the district court that plaintiff was not entitled to compulsory process, which became final when we dismissed an appeal thereon, is binding on plaintiff here. She may not relitigate it now. The issue is precisely the same one terminated by a final judgment in the prior case; the parties are identical, and there is no evidence that plaintiff did not have a full and fair opportunity to litigate the issue in the prior proceeding. See Pomeroy v. Waitkus, Colo., 517 P.2d 396.

II
As to whether plaintiff was entitled to a full evidentiary hearing, we recognize that Colorado has followed the general rule that, unless otherwise limited or restricted by statute or ordinance, implicit in the power of a city or town to hire is the power to discharge at any time without notice and without written charges and a hearing. Mitchell v. Town of Eaton, 176 Colo. 473, 491 P.2d 587; Carter v. Durango, 16 Colo. 534, 27 P. 1057; City of Leadville v. Bishop, 14 Colo.App. 517, 61 P. 58. Here, however, this unqualified power was modified by the Commerce City Charter § 7.4(c), which authorizes the City Manager to discharge the City Clerk and provides:
"(1) Any such discharge of City officers pursuant to the authority of this subsection shall, upon appeal of the discharged officer . . . be reviewed by the City Council.
(2) Review of the discharge shall extend no further than to determine whether the actions of the City Manager constituted an abuse of his discretion."
Since Commerce City is a home rule city, this provision takes precedence over any statutory provision or common law rule to the contrary. This was solely a matter of local concern. Four-County District v. Commissioners, 149 Colo. 284, 369 P.2d 67.
As provided for in the above charter provisions, the hearing was in the nature of an administrative review, and in such a hearing, the City Council could adopt rules of procedure and evidence consistent with the practice in administrative proceedings where strict rules of evidence need not be followed. The procedures used and evidence presented at the review proceeding were adequate to enable the City Council to make a determination of whether the City Manager had abused his discretion, and thus plaintiff, in an appropriate procedural manner, was afforded the review to which she was entitled.
The judgment is reversed.
SILVERSTEIN, C. J., and BERMAN, J., concur.