595 P.2d 701 (1979)
Dean J. JOHNSON, Plaintiff-Appellant,
v.
The CITY COUNCIL FOR the CITY OF GLENDALE, Colorado, George T. Garson, William Convery, Robert Gilmore, John Johnson, Timothy Greer, Luella Terry and Joseph Kaiser, Individually and as members of the City Council of the City of Glendale, John Baudek, Individually and as City Manager of the City of Glendale, Colorado, and the City of Glendale, Colorado, a municipal corporation, Defendants-Appellees.
No. 77-623.
Colorado Court of Appeals, Div. II.
February 15, 1979.
Rehearing Denied March 15, 1979.
Certiorari Denied May 21, 1979.
*702 Richard M. Borchers, P. C., Richard M. Borchers, Westminster, for plaintiff-appellant.
Douglas G. McKinnon, Littleton, for defendants-appellees.
ENOCH, Judge.
Plaintiff appeals from the judgment of the district court affirming his termination as Chief of Police of the City of Glendale. We affirm.
Plaintiff's allegations of error turn primarily on the legitimacy of a hearing held before the Glendale City Council concerning the City Manager's decision to terminate him as Chief of Police. The City Charter of Glendale, a home-rule city, provides that the City Manager has the authority to appoint and discharge certain department heads including the Chief of Police, and that upon the request of a discharged department head, the City Council shall review the City Manager's decision for an abuse of discretion. Glendale City Charter § 7.4(c).
On December 3, 1976, following a series of controversial incidents, the City Manager discharged plaintiff. A formal hearing was held before the Council at which plaintiff, who is an attorney, appeared pro se. At the hearing, the City Manager testified as to his reasons for terminating plaintiff. Plaintiff presented several witnesses but did not take the stand himself. The Council affirmed the decision of the City Manager, finding no abuse of discretion. Plaintiff filed a C.R.C.P. 106 action, and the district court subsequently affirmed the termination, holding that the Council correctly found that there was no abuse of discretion by the City Manager and no constitutional infirmity in the hearing.
Plaintiff argues that he was denied due process of law. He urges that because the City Charter allows a review of the City Manager's decision for abuse of discretion, the City intended that the City Manager's decision be measured against a set of standards for termination. In the absence of definitive standards promulgated by the City, he argues, there was no effective review for abuse of discretion, and therefore no due process of law. We disagree.
*703 The general rule in Colorado is that implicit in the power of a city to hire is the power to discharge without notice or hearing. Mitchell v. Town of Eaton, 176 Colo. 473, 491 P.2d 587 (1971). Under the general rule, therefore, there is no right to review for abuse of discretion.
The City of Glendale, by providing in its charter a review for abuse of discretion by the City Manager, gives its city officials a greater degree of protection than does the general rule. See Four-County Metropolitan Capital Improvement District v. Board of County Commissioners, 149 Colo. 284, 369 P.2d 67 (1962); See also Ratcliff v. Kite, 36 Colo.App. 261, 541 P.2d 88 (1975). However, the absence of a set of standards for termination does not give the City Manager absolute discretion. In such circumstances, we hold that a standard of reasonableness should be applied. See State ex rel. Raslavsky v. Bonvouloir, 167 Conn. 357, 355 A.2d 275 (1974).
Consequently, the question here becomes whether the action of the City Manager was reasonable under all of the circumstances. The City Manager's action would be unreasonable and therefore an abuse of discretion if there were no facts showing cause to terminate or if the cause itself were legally insufficient. Raslavsky v. Bonvouloir, supra. The City Council, however, specifically found that the City Manager had facts before him indicating subterfuge, indiscretion, and repeated instances of lack of sound judgment by plaintiff. Thus, there was evidence to support the conclusion of the City Manager; he acted reasonably; and there was no abuse of discretion. See Civil Service Commission v. Doyle, 174 Colo. 149, 483 P.2d 380 (1971). Ratcliff v. Kite, supra.
Plaintiff also alleges several procedural deficiencies in the hearing itself. First plaintiff contends that because the city attorney was acting as advocate for the City Manager and as legal advisor to the City Council, he was acting in a dual capacity which deprived plaintiff of a fair hearing. We disagree.
The hearing before the City Council is in the nature of an administrative review, and as such it need not comport with all aspects of due process. Ratcliff v. Kite, supra. Instead, relaxed standards are utilized to balance the need for fairness of review, on the one hand, with the necessity of efficient adjudication on the other. English v. North East Board of Education, 385 F.Supp. 1174 (W.D.Pa.1974).
Where, as here, the City allows a hearing before the City Council, the city attorney is under a statutory obligation not only to present the City's evidence to the Council, but also, as counsel for the City, to advise the presiding City Councilmember of his interpretation of legal issues presented at the hearing. The petitioner may preserve his objections for review by objecting on the record.
The record before us discloses no evidence that the dual nature of the city attorney's role operated to deny plaintiff a fair hearing. The city attorney did not participate in the substantive decision. Cf. City of Mishawaka v. Stewart, 261 Ind. 670, 310 N.E.2d 65 (1974). He merely advised the mayor as to his opinion of the validity of plaintiff's objections and the admissibility of certain evidence. Such advice is within the standards of an administrative hearing. See English v. North East Board of Education, supra.
Plaintiff next argues that he was denied a fair hearing because two City Councilmembers indicated at a prior informal hearing their wish that plaintiff's employment be terminated. Plaintiff contends that because he was not permitted at the formal hearing to make a record concerning these Councilmembers' asserted prejudice, he was denied due process of law. We do not agree.
The record indicates that plaintiffhimself insisted on the informal hearing concerning his termination, despite warnings that he might be jeopardizing his right to appeal in a formal hearing of record. Plaintiff was therefore responsible for bringing out evidence before the City Council prior to the formal hearing. He cannot *704 now complain that he was prejudiced by its reaction to that evidence. The mere fact that a Councilmember has learned facts or expressed an opinion is not sufficient in itself to demonstrate that a hearing is unfair. See Hortonville Joint School District v. Hortonville Education Ass'n, 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976). Therefore we conclude that plaintiff was not denied due process of law when he was not permitted to question the Councilmembers' impartiality.
We also find no merit in plaintiff's assertion that the Council erred in relying on evidence outside the record. Some evidence of plaintiff's own misconduct was presented at a prior formal hearing regarding termination by plaintiff of the employment of two police officers. A segment of the transcript of that hearing was introduced into evidence in the plaintiff's termination hearing and is part of the record on appeal. In affirming the decision of the City Manager, the Council stated that it had relied on testimony adduced at both hearings to reach its conclusion. Plaintiff was present and participated in both of these hearings. The fact that the Council may have considered such evidence does not deny plaintiff a fair hearing, especially where, as here, there was sufficient evidence at the hearing to support the Council's action.
Plaintiff's contention that the hearing was unfair because the Councilmembers relied on hearsay evidence is also without merit. Strict rules of evidence need not be followed in an administrative hearing, Ratcliff v. Kite, supra, and there was sufficient competent evidence at the formal proceeding to sustain the Council's decision.
Plaintiff next contends that the City Manager erred in discharging him for refusing to take a polygraph examination and that this court should rule as a matter of law that such refusal cannot be used as a basis for termination from employment. There is nothing in the record to show that the City Manager based his decision solely or even primarily on plaintiff's refusal. Because there is other competent evidence in the record to support the City Manager's decision, we need not decide whether refusal to take a polygraph test may constitute sufficient cause to terminate.
Plaintiff urges that he was not given notice of the City Manager's decision to terminate his employment pursuant to Police Department regulations. The regulations are not a part of the record. Therefore we are unable to determine whether or not they govern actions taken by the City Manager against the Chief of Police. In any event, the record discloses that after plaintiff failed to respond to the City Manager's call, notice of his decision to terminate, along with the reasons leading to the action, was posted on the door of plaintiff's residence. Plaintiff was thus given sufficient notice of the decision.
We have reviewed plaintiff's other contentions of error and find them to be without merit.
Judgment affirmed.
BERMAN and VanCISE, JJ., concur.