The PEOPLE of the State of Colorado, Plaintiff,

v.

Robert Manley TYNAN, Hazel Arelena Selman, and Donald Hoffman, Defendants-Appellees,

And Concerning:

the Colorado Department of Social Services, Petitioner-Appellant.

No. 83CA0590.

Colorado Court of Appeals, Div. I.

Nov. 8, 1984.

Rehearing Denied Dec. 6, 1984.

Certiorari Denied June 10, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Valerie McNevin-Petersen, Asst. Atty. Gen., Denver, for plaintiff.

Lee Jay Belstock, Denver, for defendants-appellees.

STERNBERG, Judge.

The Colorado Department of Social Services (Department) appeals the denial of the Department's verified petition for re-

lease of certain suppressed and sealed corporate records. We affirm.

In 1978, grand juries in two counties were convened to investigate the activities of defendants. Members of the newly established Medicaid Fraud Unit, which included members of the Attorney General staff, were sworn as grand jury investigators. The grand juries were dismissed without returning an indictment or true bill, but the prosecution instituted parallel state criminal and federal civil proceedings. During hearings on pretrial motions in the criminal action, the trial court determined that the proceedings before it were part of the grand jury process, and because the statutory releases of grand jury records had not been obtained, the records and hearing transcripts could not be publicly released.

In 1980, the trial court dismissed the criminal action because of substantive due process violations, and the evidence which had been seized was suppressed. In 1981, the Department applied to the Colorado Supreme Court for an order that the trial court allow it access to the records needed for prosecution of the civil action. The action was dismissed for failure to file a timely brief. The defendants and the Department separately petitioned the trial court for rulings concerning the use of certain corporate records in the federal civil suit; the trial court held that its previous ruling was *res judicata* to the petitions, and it therefore granted defendants' motion to dismiss and denied the Department's motion for release. The Department then filed other petitions and requests for rulings with the supreme court, the judges in charge of the two grand juries, and, again, the trial court. All refused to grant the relief requested, and this appeal followed.

### I.

The Department first contends that the trial court did not have jurisdiction to find that the records were grand jury records and subject to the statutory provisions of secrecy, and further, that as a matter of law these were not grand jury records. We disagree.

In the absence of limiting legislation, the jurisdiction of the district courts is unrestricted and sweeping, and subject matter jurisdiction is not precluded simply by the absence of a statute specifically designating a forum. *In re A.W.*, 637 P.2d 366 (Colo.1981). Hence, because there is no statutory limitation of grand jury jurisdiction to the supervising judge of the grand jury, jurisdiction could be exercised by the trial court.

Moreover, here, where there was incomplete disclosure to the judges supervising the grand juries, and where the trial court had before it the full evidence of the investigation and how the records were obtained, the trial court not only had jurisdiction, but actually was in the better position to determine whether the documents in question were grand jury records and whether they should be disclosed. *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979).

Under § 16–5–205(4), C.R.S. (1978 Repl. Vol. 8) the "report" of the grand jury is to remain secret, and for purposes of that statute the term "report" is "all inclusive" so as to prevent the grand jury process from being used as a subterfuge to obtain information for use in other proceedings. *In re State Grand Jury Investigation*, 197 Colo. 460, 593 P.2d 967 (1979). That the corporate records involved here were initially compiled independently of the grand jury process is not dispositive, for the requirement of secrecy is to protect the information gathering process, not just the final report. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983).

The trial court found that even if the records had not been presented to the grand jury, they were obtained as a direct result of grand jury activities, and were grand jury records subject to the statutory requirements of secrecy. This finding has support in the record, and thus will not be

disturbed on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

## II.

We also disagree with the Department's contention that even if the records are grand jury records, the trial court abused its discretion by not releasing the records for use in the civil proceedings.

 The secrecy given to grand jury proceedings is not absolute. Release of the records is permitted after an indictment is returned, Crim.P. 6.2, or if the record would exonerate the person requesting it. Section 16–5–205(4), C.R.S. (1978 Repl.Vol. 8). Also, if a grand jury undertakes a bona fide criminal investigation, facts incidentally brought to light may be used for other legitimate purposes after a court has held a hearing and determined that the prosecution's "particularized need has overcome the traditional shroud of secrecy," and ordered the material released. *United States v. Sells Engineering, Inc., supra; Granbery v. District Court,* 187 Colo. 316, 531 P.2d 390 (1975).

 Here, before refusing to release the records, the trial court did hold a hearing concerning the release of the grand jury materials for use in the civil action. There was ample evidence from which it could find that the needs of the prosecution could not overcome the countervailing policy of secrecy. The trial court dismissed the criminal proceedings because of substantive due process violations in the production of evidence. Also, without seeking court approval or a release from grand jury secrecy, the prosecution used the information developed in that constitutionally flawed criminal investigation to file the civil action. Under these circumstances, we conclude the trial court acted properly and within its discretion in refusing disclosure. *See United States v. Sells Engineering, Inc., supra; United States v. Gold,* 470 F.Supp. 1336 (D.Ill.1979); *United States v. John Doe,* 341 F.Supp. 1350 (S.D.N.Y.1972).

## III.

 The Department's contention that collateral estoppel should have been applied against defendant is raised for the first time on appeal, and thus, we do not consider it. *Matthews v. Tri-County Water Conservancy District,* 200 Colo. 202, 613 P.2d 889 (1980).

## IV.

Finally, the Department claims that the trial court's application of *res judicata* to its petition for a ruling on confidentiality was erroneous as a matter of law. Again, we disagree.

In denying the Department's petition, the trial court applied *res judicata* in the sense of claim preclusion, and found that its previous ruling was conclusive of the rights of the parties in this suit on the same claim. *See Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973). In determining that *res judicata* could properly be invoked, the court employed the principles of *Pomeroy v. Waitkus, supra,* and found: (1) identical issues; (2) a final judgment on the merits; (3) same party or privity with the party in the prior adjudication; and (4) full and fair opportunity to litigate the issue.

The trial court found that the claims were the same to all intents and purposes because the request for clarification was merely another attempt to relitigate the court's previous order forbidding public access to the grand jury materials. It also found that the previous ruling was a final judgment because the supreme court had dismissed and not reinstated the appeal from that ruling. *See Ratcliff v. Kite,* 36 Colo.App. 261, 541 P.2d 88 (1975).

 The identity of parties or their privies for *res judicata* purposes is a factual determination of substance, not mere form. *American Triticale, Inc. v. Nytco Service, Inc.,* 664 F.2d 1136 (9th Cir.1981); *Expert Electric, Inc. v. Levine,* 554 F.2d 1227 (2d Cir.1977), *cert. denied,* 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977). Generally, where the court finds a sufficient identity of interest, and participation

in or control of the prior litigation, a party not formally named may still be bound. *See United States v. ITT Rayonier*, 627 F.2d 996 (9th Cir.1980); *Restatement (Second) of Judgments* § 39 (1980); *cf. Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (preclusion under collateral estoppel of non-party who assumed control over litigation). Even if the parties are distinct legal entities, their interests in the civil and criminal prosecutions can make one privy to another. *See Irizarry v. City of New York*, 357 N.Y.S.2d 756, 79 Misc.2d 346 (1974) (separate legal entities of state and city were in privity where the criminal prosecutor was "the People," but the city had knowledge and control of the facts supporting the basic issues involved in the criminal proceeding); *United States v. ITT Rayonier, supra* (in appropriate circumstances, one government agency can be held to represent another).

■ Here, the trial court specifically found that the parties were in fact the same, since the Attorney General's office represented both interests and had controlled the litigation throughout the case. Whether the Attorney General was acting as Special District Attorney in the Medicaid Fraud Unit, or as the representative of the People and the Department at trial and on appeal, the court found that the differences were in name only. Inasmuch as there was evidence that the Medicaid Fraud Unit, through the Attorney General, prosecuted the case from the inception of the investigation, used information derived from the investigation for both the criminal and civil actions, and filed the actions almost simultaneously, the court's finding is supported by the record and is binding on appeal. *Page v. Clark, supra.* The parties have fully litigated this issue at every opportunity, and although the Department did not participate by name in all proceedings, it is bound by the earlier rulings under the doctrine of *res judicata.*

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.