Donald Herbert KELLN,
Plaintiff-Appellant,

v.

The COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellee.

Paul Edward WRIGHT,
Plaintiff-Appellant,

v.

The COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellee.

Wilbur Wesley MITCHELL, Jr.,
Plaintiff-Appellant,

v.

The COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellee.

Nos. 85CA0071, 85CA0072 and 85CA0241.

Colorado Court of Appeals,
Div. I.

Jan. 2, 1986.

Rehearing Denied Jan. 30, 1986.
Certiorari Denied May 19, 1986.

Michael D. Brown, Arvada, for plaintiffs-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gens. John Milton Hutchins, Denver, for defendant-appellee.

PIERCE, Judge.

Three trial court judgments affirming driver's license revocations by the Department of Revenue have been consolidated for review here. The driver's licenses of Wilbur Wesley Mitchell (Mitchell), Paul Edward Wright (Wright), and Donald Herbert Kelln (Kelln), were revoked for operating a motor vehicle with a blood alcohol level of 0.15 or more grams of alcohol per 100 milliliters of blood. Each appellant seeks reversal of the judgment affirming that revocation, contending that the hearing officer improperly based his decision on hearsay, on insufficient evidence of a chemical test, on insufficient evidence of the blood alcohol level at the time of the offense, and on an unconstitutional statute. In addition, Mitchell contends that the statutorily required report was not properly verified by the arresting officer. We disagree with all contentions raised by appellants and therefore affirm the judgments.

The circumstances under which each of the appellants was initially stopped by police officers and subsequently arrested for driving under the influence were substantially the same. Mitchell had been involved in an accident with an RTD bus, performed poorly on the roadside sobriety examination, and submitted within an hour to a chemical test at the city jail. His blood sample was tested by the Denver Police Forensic Laboratory. The results of the test showed a blood alcohol level of 0.376 grams of alcohol per 100 milliliters of blood. Wright and Kelln were stopped by police officers in separate incidents of erratic driving, performed poorly on roadside sobriety examinations, and also submitted within an hour to a drawing of their blood. The blood samples were sent to private laboratories and the results showed blood alcohol levels of 0.290 and 0.260, respectively.

## I.

Appellants first argue that, in each case, the decision of the hearing officer was based upon a laboratory report that is hearsay and that, therefore, there was no competent evidence supporting the revocation. We disagree with this contention.

Each arresting officer forwarded to the Department a verified report regarding the identification and circumstances of arrest of each appellant, and then testified at the driver's revocation hearing of that appellant. The officer identified the documents attached to the verified report, and testified to the content of each document in each case. Among those documents were included the notice of revocation and the laboratory report indicating the results of the blood chemical analysis.

### A. Laboratory Reports

■ The chemical laboratory reports completed by both the government and the private laboratories have probative value in assisting to establish a significant fact affecting the substantial rights of the parties; therefore, these reports are admissible in a driver's license revocation hearing. Section 24–4–105(7), C.R.S. (1982 Repl.Vol.

10). Thus, even though they may be hearsay, so long as there was other sufficient competent evidence at the hearing, they represent prima facie evidence of the chemical tests. *See Johnson v. City Counsel,* 42 Colo.App. 188, 595 P.2d 701 (1979). The notices of revocation to appellants presented precisely such sufficient other competent evidence.

### B. Notices of Revocation

Each notice of revocation identifies each respective appellant and states reasonable grounds to believe that appellant was driving under the influence of alcohol with a blood alcohol content of 0.15 or greater. Within the recitation of those reasonable grounds, the results of the chemical analysis showing a blood alcohol level are stated. The notice is signed on the first page by the verifying officer as well as on the second page where the officer's signature is notarized.

■ This report falls within the hearsay exception of public records and reports. CRE 803(8). It is offered as evidence in a civil proceeding. *See State v. Laughlin,* 634 P.2d 49 (Colo.1981). It is a report of a public office stating matters observed pursuant to duty imposed by law as to which matters there was a duty to report. CRE 803(8)(B). In addition, the report is of a public office setting forth in a civil action factual findings resulting from an investigation made pursuant to authority granted by law. CRE 803(8)(C).

Police officers have a general duty to look out for violations of the law and to report them. As concerns driving under the influence, they have the authority to investigate the extent of alcohol influence or impairment. *See* § 42–4–1202, C.R.S. (1984 Repl.Vol. 17). Therefore, upon receiving the chemical analysis laboratory report, the officer had the duty and the authority to report the results stated in the laboratory report. *See* § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17). As a result, this non-hearsay report was admissible evi-

dence. *See Bernstein v. Rosenthal,* 671 P.2d 979 (Colo.App.1983).

Therefore, the evidence presented at the driver's license revocation hearing with respect to the blood alcohol level was sufficient and competent, and the hearing officer did not err in relying on that evidence.

## II.

Appellants next argue that § 42-2-122.-1(8)(c), C.R.S. (1984 Repl.Vol. 17) mandates a showing at the hearing that the blood alcohol level was 0.15 or more at the time of the offense. We disagree.

Plaintiffs admit that the statute mandates the department to revoke a driver's license upon a determination that the person drove a vehicle with a blood alcohol level of 0.15 grams per 100 milliliters of blood or more at the time of the alleged offense *"or* within an hour thereafter." Section 42-2-122.1(1)(a)(I), C.R.S. (1984 Repl.Vol. 17) (emphasis added). Therefore, based on the discussion above, a prima facie case for revocation was established in each of the cases at bar, and since no evidence in contradiction of the prima facie case was presented, revocation of each appellant's driver's license was properly ordered. *See People v. Anadale,* 674 P.2d 372 (Colo.1984).

Furthermore, the statutory section relied upon by appellants presents only the burden of proof required. That burden may be met with the aid of reasonable inferences. *See Garcia v. People,* 172 Colo. 329, 473 P.2d 169 (1970). If there exists a blood alcohol concentration which is significantly more than 0.15 within an hour of the offense, then it is reasonable to infer that the blood alcohol concentration was at least 0.15 at the time of the offense.

Appellants' attacks on the constitutionality of § 42-2-122.1, C.R.S. are beyond the jurisdiction of the Court of Appeals. *See People v. Salazar,* 715 P.2d 1265 (Colo. App.1985).

## III.

In addition to the above contentions, Mitchell also argues that the report forwarded to the Department was improperly verified because it was not verified by the arresting officer. We disagree.

Although the officer who verified the report was not the officer who actually arrested Mitchell, the verifying officer was present during the arrest procedure. Thus, the verifying officer was one of the arresting officers.

In the construction of statutes, the singular includes the plural. Section 2-4-102, C.R.S. (1980 Repl.Vol. 1B). Therefore, the verifying officer here comes within the definition set out in § 42-2-122.-1(2)(a), C.R.S. (1984 Repl.Vol. 17): "a law enforcement officer who arrests any person for a violation of § 42-4-1202(1.5)...." *See Renck v. Motor Vehicle Division,* 636 P.2d 1294 (Colo.App.1981). Thus, Mitchell's contention is without merit.

As to those issues for which this court has jurisdiction, the judgments affirming the revocation of each appellant's driver's license are affirmed.

KELLY and BABCOCK, JJ., concur.