**Douglas Gordon Roy ELLIS, Plaintiff-Appellant,**

v.

**Alan CHARNES, Executive Director of Revenue, and Department of Revenue, Hearing Section, State of Colorado, and Motor Vehicle Division, and its Hearing Officers, Defendants-Appellees.**

No. 85CA0689.

Colorado Court of Appeals, Div. III.

May 8, 1986.

Rehearing Denied June 5, 1986.

Bruce A. Matas, Aurora, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendants-appellees.

BABCOCK, Judge.

Douglas Gordon Roy Ellis (Ellis) appeals the trial court judgment affirming the revocation of his driver's license pursuant to § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17) by the Department of Revenue (department). We affirm.

Ellis was arrested on March 28, 1984, on a charge of driving under the influence of alcohol. He agreed to take a blood test and was taken to a medical clinic where a sample of his blood was withdrawn. The results of the blood test showed 0.228 grams of ethyl alcohol per 100 milliliters of blood.

Upon receipt of the blood test report, the arresting officer completed a verified report pursuant to § 42–2–122.1(2)(a), C.R.S. (1984 Repl.Vol. 17) and forwarded it to the department. The department then mailed a notice of revocation to Ellis on April 16, 1984, effective April 27, 1984. Ellis received the notice on April 17, 1984. On April 28, 1984, Ellis went to the Arvada office of the Motor Vehicle Department to request a hearing, but his request was denied because the revocation had become effective. *See* § 42–2–122.1(7)(b), C.R.S. (1984 Repl.Vol. 17).

On May 2, 1984, Ellis sent a notarized written request to the department requesting a hearing. The request contained Ellis' explanation that he had attempted to submit a request for hearing at the Evergreen office of the Motor Vehicle Department on April 26, 1984, but had found the office closed. The department received the written request on May 8, 1984, and, having apparently accepted Ellis' explanation, mailed him notice of a hearing scheduled for July 5, 1984.

At the hearing, the arresting officer's verified report, with attachments including a photocopy of the blood test report, was admitted into evidence by the hearing offi-

cer. After the arresting officer testified and was cross-examined, the hearing officer sustained the revocation order.

Ellis first argues that the photocopy of the blood test report was improperly admitted into evidence at the hearing. We disagree.

So long as there is other competent testimony at a license revocation hearing, chemical laboratory reports, including blood test reports, have probative value and are admissible into evidence. *Kelln v. Department of Revenue*, 719 P.2d 358 (Colo.App.1986); *Miller v. Motor Vehicle Division*, 706 P.2d 10 (Colo.App.1985); § 24–4–105(7), C.R.S. (1982 Repl.Vol. 10). The notice of revocation sent to Ellis, coupled with the police officer's testimony, provided such "other competent testimony." *See Kelln v. Department of Revenue, supra.*

Further, the fact that a photocopy was used, rather than the original report, did not affect the admissibility of the report. Application of the rules of evidence is liberalized in an administrative hearing. Section 24–4–105(7); *Campbell v. Colorado*, 176 Colo. 202, 491 P.2d 1385 (1971). Moreover, Ellis does not allege that the photocopy was not a true and accurate copy of the original, and the record clearly shows that he accepted it as such at the hearing.

Ellis did not offer any evidence that the test results were inaccurate, nor did he request that the hearing officer subpoena witnesses to enable him to go forward with evidence to rebut the probative value of the report. *See Miller v. Motor Vehicle Division, supra.* Therefore, we hold that the hearing officer properly admitted the blood test report into evidence. *See Kelln v. Department of Revenue, supra.*

Ellis next argues that the hearing officer had no jurisdiction to sustain the revocation of his license because the hearing was held more than sixty days after the filing of the request for a hearing. We disagree.

Statutory terms should be given effect according to their plain and obvious meaning. *Engelbrecht v. Hartford Acci-*

*dent & Indemnity Co.*, 680 P.2d 231 (Colo. 1984). Also, a court must apply the language of a statute according to its plain meaning unless the result is absurd. *Colorado Department of Social Services v. Board of County Commissioners*, 697 P.2d 1 (Colo.1985).

Section 42–2–122.1(7)(e), C.R.S. (1984 Repl.Vol. 17) reads in pertinent part: "The hearing shall be scheduled as soon as possible, but in no event later than sixty days *after the filing* of the request for a hearing." (emphasis added) Accordingly, the sixty-day period starts when the request is placed with, or delivered to, the department. *See Webster's Third New International Dictionary* 849; *cf.* C.R.C.P. 5(e).

Further, § 42–2–122.1(7)(c), C.R.S. (1984 Repl.Vol. 17) states:

"If a written request for a hearing is made after the expiration of the seven-day period ... the department *shall receive* and consider the request." (emphasis added)

The plain meaning of this subsection signifies that the department, in order to "receive" the request, must have knowledge of it, *i.e.*, it must have been delivered to the department.

Reading these two sections together, we conclude that the sixty-day period for a hearing begins to run at the time the department receives the written request. Since the undisputed evidence here was that the department received Ellis' written request on May 8, 1984, the hearing on July 5, 1984, was timely held.

Ellis' remaining arguments are devoid of merit.

Judgment affirmed.

KELLY and TURSI, JJ., concur.